**HERMAN SCHAMISSO, PVBA, Plaintiff,**

v.

**MENELLI, INC., a Florida corporation; Transport Indemnity Company, an insurance company, authorized to issue policies within the state of Florida; David M. Walters, Sarino R. Costanzo, David A. Russell, Phillip M. Zyne and Mark J. Newman, individually and as general partners, d/b/a Walters, Costanzo, Russell, Zyne & Newman, Attorneys at Law, a partnership, Defendants.**

No. 86–2355–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

Dec. 22, 1986.

Stephen P. Walroth, Miami, Fla., for plaintiff.

James F. Daugherty, II, Miami Beach, Fla., Paul A. Louis, Miami, Fla., for defendant Transport Indem. Co.

Henry Swann, Miami, Fla., for all remaining defendants.

### MEMORANDUM OPINION AND ORDER REMANDING CASE

SPELLMAN, District Judge.

#### I

This CAUSE comes before the Court on Petitioner/Defendant's, TRANSPORT INDEMNITY COMPANY, Petition for Removal, and on Plaintiff's, HERMAN SCHAMISSO, PVBA, Motion for Remand. Petitioner has sought removal pursuant to 28 U.S.C.A. § 1441(c) (West 1976). This Court has reviewed the Petition and Motion along with the file in the above-styled case, and is of the opinion that the Petition for Removal must be DENIED and the case REMANDED back to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. The Court hereby determines that the record in this case fails to satisfy the "separate and independent" requirement of § 1441(c) as that language has been interpreted by the United States Supreme Court in *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). "In making this determination, we look to the Plaintiff's pleading, which controls." *Finn*, 341 U.S. at 14, 71 S.Ct. at 540.

#### II

Plaintiff's complaint alleges the following facts: Plaintiff, Herman Schamisso, PVBA, forwarded jewelry and other merchandise to Defendant, Menelli, Inc. ("Menelli"), a Florida corporation, in September of 1982. The agreement between the parties was on a sale or return basis, and the merchandise forwarded was valued at $297,051.50 U.S. dollars. Menelli had an insurance policy with Defendant, Transport Indemnity Company ("Transport"), which provided coverage for loss by theft for all merchandise kept at Menelli's place of business in Miami, Florida. In November of that year, a robbery occurred at Menelli. Among the stolen items was some of the merchandise owned by Plaintiff but kept in Menelli's possession. The amount of Plaintiff's merchandise stolen was alleged to be valued at $97,051.50. This merchandise, although not paid for by Menelli, was in its possession and covered by the insurance policy between Menelli and Transport.

Menelli filed a claim with Transport for the loss incurred, said claim including the amount owing to Plaintiff. Plaintiff notified Transport of its right, title and interest to the $97,051.50 worth of merchandise stolen from Menelli. Subsequently, Menelli and Plaintiff executed an Assignment of Insurance Proceeds, which gave Plaintiff the right to collect any payment by Transport, up to $97,051.50. Furthermore, in consideration for Plaintiff's not intervening in a lawsuit which had arisen between Menelli and Transport, Plaintiff entered into an agreement with counsel for Menelli, Defendants Walters, Costanzo, Russell, Zyne and Newman ("law firm"), a partnership,

pursuant to which the law firm would escrow the proceeds of the claim, up to $97,051.50, and release those funds to Plaintiff in accordance with the Assignment of Insurance Proceeds.

In June, 1985, Menelli and Transport settled their disputes, without notice to Plaintiff. Transport delivered the insurance proceeds to the law firm, which then disbursed all the funds to Menelli, also without notice to the Plaintiff and without escrowing those funds owed to Plaintiff under the Assignment and Escrow agreements. Plaintiff then filed this action against Menelli, Transport and the law firm, seeking recovery of the $97,051.50. Defendant Transport has sought removal pursuant to § 1441(c).

### III

■ Transport's Petition asserts that the claim against itself is "separate and distinct" from that asserted against the other Defendants, therefore allowing removal of the entire case under § 1441(c). Section 1441(c) states that:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C.A. § 1441(c) (West 1976). Removal is, no doubt, an absolute right so long as the statutory prerequisites are met. *Thermtron Products Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1975). This Court finds, however, that the statutory prerequisites of § 1441(c), as interpreted in *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), have not been met in this case.

*Finn* involved an action by a Texas resident against two insurance companies and their local resident agent to recover damages for a loss to property caused by a fire. Defendants removed the case to federal court. In remanding the case to the district court with orders to vacate the judgment entered and to remand the case back to the state court, the United States Supreme Court interpreted the language of § 1441(c).

The Supreme Court looked carefully at the history of § 1441(c) and stated that "[a] separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action." *Finn*, 341 U.S. at 11, 71 S.Ct. at 538. The court went on to recognize that:

> In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to Congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

*Finn*, 341 U.S. at 12, 71 S.Ct. at 539. Furthermore, the court quoted from *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927), in announcing an "accepted description" on the meaning of "cause of action":

> Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.
>
> A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.

*Finn*, 341 U.S. at 13, 71 S.Ct. at 539 (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927)). Finally, the court concluded by saying that "where there is a single wrong to Plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and

independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

### IV

With these principles to guide the analysis, this Court finds the allegations in the Petition insufficient to satisfy the clear language of *Finn*. In *Finn*, "[t]he single wrong for which relief [was] sought [was] the failure to pay compensation for the loss on the property. Liability lay among three parties, but it was uncertain which one was responsible. Therefore, all were joined as defendants in one petition." *Id.* at 14, 71 S.Ct. at 540. Such is the case here. Plaintiff has suffered "a single wrong ... for which relief is sought, arising from an interlocked series of transactions." *Id.* Plaintiff is suing to recover $97,051.50 in damages, arising from the wrongful disbursement of insurance proceeds. Plaintiff will be entitled to one, and only one, recovery, if any, whether it be from one or all of the defendants. There has not been more than this one loss alleged, nor will Plaintiff be entitled to distinct recoveries from each defendant. As such, there is no separate and independent claim or cause of action alleged against Transport, within the meaning of § 1441(c). Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Petition for Removal is DENIED and the case REMANDED back to the Circuit Court from which it came.