Holly SHEPARD, Individually and as
Administratrix of the Estate of
Timothy Shepard, Plaintiff,

v.

Gary F. EGAN, James M. Canty, Brian
Daley, Earl D. Harrington, Charles B.
Gilmore, John M. Richardson, Francis
S. Kozaczka, James Imelio, Gary M.
Maroni, Richard C. Cadran, Francis P.
Hughes, Thomas Nartowicz, Common-
wealth of Massachusetts, Massachusetts
Department of Public Safety, and Mas-
sachusetts Criminal Justice Training
Council, Defendants.

Civ. A. No. 90–30020–F.

United States District Court,
D. Massachusetts.

April 24, 1990.

On Motion to Dismiss with Prejudice
Aug. 13, 1990.

Camille F. Sarrouf, Sarrouf, Tarricone & Flemming, Boston, Mass., Michael D. Hashim, Jr., Hashim & Spinola, Pittsfield, Mass., for plaintiff.

Jordan Ring, Philipp G. Grefe, Rachel D. Spitz, Ring, Rudnick & Grefe, Frederick W. Riley, Randi Levine, DiCara, Selig, Sawyer & Holt, Albert G. Tierney, Boston, Mass., Jack F. St. Clair, Murphy, McCoubrey, Murphy, Gelinas, Stocks & Auth, Chicopee, Mass., Timothy M. Burke, Joseph P. Kittredge, Daniel J. O'Connell, III, Law Office of Daniel J. O'Connell III, Richard E. Brody, Morrison, Mahoney & Miller, Boston, Mass., Edward Martin Pikula, Matroni, Dimauro, Fitzgerald & Liebel, Springfield, Mass., Carol S. Ball, Murphy & O'Connell, Mark Newman, Francis G. Chase, Hale, Sanderson, Byrnes & Morton, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

Timothy Shepard of Pittsfield, Massachusetts, was employed by the City of Pittsfield as a full-time police officer. On September 19, 1988, Mr. Shepard began police training at the Massachusetts Criminal Justice Training Council ("Academy"), as required for his employment. He suffered

injuries on that day while training at the Academy, and was hospitalized. On November 2, 1988, Mr. Shepard died of the injuries he had incurred.

On December 19, 1989, plaintiff Holly Shepard, wife of Timothy Shepard, commenced an action in Massachusetts Superior Court, County of Berkshire, against the Commonwealth of Massachusetts, two agencies of the Commonwealth, and the twelve named individuals ("officers"). The twelve individuals were all employed as directors, instructors, or state police officers at the Academy. Her complaint, containing fourteen separate counts, alleges that defendants are each responsible to some degree for Timothy Shepard's injuries and death. Plaintiff seeks damages for violations of civil rights protected under federal and state law. Her complaint also includes counts for wrongful death, emotional distress, loss of consortium, and other alleged losses. Of the fourteen counts, twelve involve questions of Massachusetts law, and two arise under laws of the United States. Of the twelve state law counts, six allege that the Commonwealth or its agencies are liable, and six allege that the officers are liable.

On January 23, 1990, the officers filed a motion with this Court to remove plaintiff's action to federal court. Plaintiff, however, has filed a motion to remand the action to the Superior Court. Defendants Academy, Commonwealth of Massachusetts ("Commonwealth"), and the Massachusetts Department of Public Safety join plaintiff in seeking remand.[1] The question for the Court, then, is whether the officers may remove this action, or any portion of it, to federal court. The Court, for the reasons stated below, remands to the Superior Court twelve of the fourteen counts in plaintiff's complaint, that is, all of plaintiff's claims based on Massachusetts law. The Court will not remand the two civil rights claims brought pursuant to 42 U.S.C. §§ 1983, 1988.[2] Rather, the Court will stay the section 1983 and section 1988 claims pending final disposition of the matter in state court.

## II. DISCUSSION

### A. Law of Removal

█ Title 28 U.S.C. § 1441 reads in relevant part as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

These portions of the statute clearly provide that a cause of action may be removed to federal court only where the federal court would have had original jurisdiction over the action had it been brought in federal court initially. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); *Cochran v. Montgomery County*, 199 U.S. 260, 272–73, 26 S.Ct. 58, 62, 50 L.Ed. 182, 188 (1905). Removal statutes exist to limit a plaintiff's choice of forum; Congress has determined that defendants may choose the federal forum whenever the claim asserted by plaintiff states a cause of action over which original federal jurisdiction exists.

---

**1.** Defendants Criminal Justice Training Center and Department of Public Safety are agencies of the Commonwealth. For purposes of the instant motions, therefore, the Court will refer to the agencies and the Commonwealth as "Commonwealth defendants."

**2.** Because the Court decides to remand the lion's share of this action to Superior Court, the Court will not presently act on defendants' motion to transfer the action to Boston. Of course, the Court expresses no opinion as to its merit.

"Congress has made it plain that the right of removal is to stand absent an express provision to the contrary...." *Cosme Nieves v. Deshler,* 786 F.2d 445, 451 (1st Cir.1986); *Mercy Hospital Association v. Miccio,* 604 F.Supp. 1177, 1179 (E.D.N.Y.1985). In short, this Court is without discretion with regard to the removal of claims from the state courts, where this Court would have had original jurisdiction over the claims had plaintiff brought suit here initially. The choice of forum under these circumstances belongs to the defendant, not to the plaintiff or the Court. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 344, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); *see also Herman Schamisso, PVBA v. Menelli, Inc.,* 657 F.Supp. 63, 65 (S.D.Fla.1986).

In this case, the officers have agreed to seek removal of the entire case to federal court. The Commonwealth defendants, however, seek remand to Superior Court, as does plaintiff. The general rule for removal requires that all defendants must join in the petition to remove before a federal court may grant removal. *Hill v. City of Boston,* 706 F.Supp. 966, 968 (D.Mass.1989); *Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 (D.Mass. 1988). However, exceptions to this rule exist. For example, those defendants who could not have removed the case themselves if they had been the sole defendants in the action, need not join the removal petition.[3] The Court can grant the petition to remove in the absence of such defendants' consent.

Here, the Commonwealth defendants could not have removed the case from Superior Court because this Court would not have had original jurisdiction over the matter had plaintiff brought the action here initially. As will be discussed *infra,* the

eleventh amendment prohibits a federal court from exercising jurisdiction over a case against a state by its citizen. Therefore, the Commonwealth defendants need not join the petition in order for this Court to grant removal.

■ The officers have properly removed the two federal civil rights counts from the Superior Court. Federal courts have original jurisdiction over claims arising under the Civil Rights Act, and all necessary defendants have joined the petition. Under the removal statutes, defendants may choose the federal or state forum where the complaint states a federal cause of action on its face. The Court acknowledges that it must accept jurisdiction over the two federal civil rights counts.

However, the Court cannot grant the removal petition as to the counts against the Commonwealth defendants. Existing case law under the eleventh amendment establishes unequivocally that a federal court is without jurisdiction to decide a claim brought against a state by its citizen, unless a state statute provides to the contrary. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). The Supreme Judicial Court decided in *Irwin v. Commissioner of Department of Youth Services,* 388 Mass. 810, 448 N.E.2d 721, 727 (1983), that the Commonwealth of Massachusetts had not consented to suit in federal courts. These cases lead to the unmistakable conclusion that the eleventh amendment precludes claims of any nature against the Commonwealth or its agencies in federal court.[4]

In the present case, plaintiff's complaint asserts claims against the Commonwealth defendants in six separate counts. As this Court has no jurisdiction over such claims for eleventh amendment reasons, the Court

---

**3.** Courts also recognize exceptions to the general rule where the non-consenting defendants are nominal, unknown, or have been fraudulently joined to the action in an effort to defeat removal. *See* 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3731 at 504–510 (1985).

**4.** Agencies of the Commonwealth are likewise immune from suit in federal court due to the

broad reading of the eleventh amendment by the Supreme Court. "[T]he rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman,* 415 U.S. at 663, 94 S.Ct. at 1356; *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 (1st Cir.1981).

hereby remands those six counts to the Superior Court. Plaintiff's complaint also brings two counts against the officers under the Civil Rights Act. The officers have fulfilled the statutory prerequisites under 28 U.S.C. § 1441(a) and (b). Therefore, the officers have properly removed the civil rights counts to this Court.

## B. Six Remaining Claims against the Officers

■ Six counts remain, all of them alleging wrongdoing by the officers, and all based on theories of Massachusetts law.

### 1. Pendent Jurisdiction

■ The federal courts have no original jurisdiction with regard to claims arising under state law and absent diversity of citizenship. Where a federal court would *not* have had original jurisdiction over claims had plaintiff brought suit there initially, the federal court has discretion, under the doctrine of pendent jurisdiction, to decide whether or not to determine those claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988).

■ Principles of pendant jurisdiction apply to cases removed to federal court from state court. *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 11 (1st Cir.1983); *Neptune v. McCarthy*, 706 F.Supp. 958, 961–62 (D.Mass.1989). Therefore, claims lacking an independent basis of federal jurisdiction may properly be removed to federal court along with related claims having a "common nucleus of operative fact" where the related claims arise under the Constitution or laws of the United States. *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138; *Pueblo International, Inc. v. De Cardona*, 725 F.2d 823, 825 (1st Cir.1984).

■ It is well-settled, however, that federal courts have no obligation to consider pendent state claims. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Rather, a federal court may decide pendent state claims if in the discretion of the court it is proper to do so. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* "The exercise of discretion to hear the state claim ... is governed by 'considerations of judicial economy, convenience, and fairness to litigants.'" *Bonanno*, 708 F.2d at 6, *citing Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974). In sum, this Court will exert pendent jurisdiction over state claims where related claims with independent jurisdictional bases are before the Court, and where pendent jurisdiction will further the goal of efficient and orderly disposition of the entire matter. *Carnegie–Mellon University*, 484 U.S. at 350–51, 108 S.Ct. at 618–19.

The Supreme Court has offered insight into which factors a lower court should consider when deciding whether to assert pendent jurisdiction over state law claims. The Supreme Court has held that "a federal court has jurisdiction over an entire action, including state law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* at 349, 108 S.Ct. at 618, *citing Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. Pendent jurisdiction is "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie–Mellon University*, 484 U.S. at 350, 108 S.Ct. at 619. When deciding whether to invoke pendent jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity...." *Id.* Because the eleventh amendment prevents this Court from exercising jurisdiction over plaintiff's claims against the state defendants, and the Court has an "unflagging obligation" to exercise jurisdiction over the civil rights claims, there will be separate state and federal proceedings. As noted above, however, the federal proceeding, if

it eventually goes forward at all, has been stayed pending final disposition of the matter in state court. Therefore, the Court must now decide whether to exercise pendent jurisdiction over the six state claims against the officers, or whether these claims should be remanded, along with the other state claims against the Commonwealth defendants, to the Superior Court.

Upon consideration of the appropriate factors, the Court in its discretion decides that the six counts against the officers would best be resolved in Superior Court together with the counts against the Commonwealth defendants. The reasons discussed *infra* at pp. 1163–64 in the abstention portion of this Memorandum and Order support this decision and are fully applicable to the instant discussion regarding pendent jurisdiction over state law claims. Accordingly, the Court refuses to assert pendent jurisdiction over the counts against the officers based on state law, and instead remands those counts to Superior Court.

2. Abstention

 As decided above, *see* p. 1161, *supra*, the Court has jurisdiction over plaintiff's federal civil rights claims. The fact that a claim has been properly removed to federal court does not, however, mean that the Court must immediately proceed to a resolution on the merits. Under the doctrine of abstention, the Court may refuse or delay its decision on a legal issue, thereby leaving the plaintiff to seek remedy in state court. *Bath Memorial Hospital v. Maine Health Care Finance Commission,* 853 F.2d 1007, 1012 (1st Cir.1988).

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

*County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). The Supreme Court has explicitly recognized four distinct situations in which abstention is appropriate. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814–19, 96 S.Ct. 1236, 1244–47, 47 L.Ed.2d 483 (1976); *see Neptune v. McCarthy,* 706 F.Supp. 958, 963 n. 7 (D.Mass. 1989). The fourth and newest basis for abstaining from jurisdiction, that is, judicial economy and convenience to the parties, was recognized in *Colorado River, supra.* Lower federal courts have relied on this doctrine to eliminate duplicative state and federal litigation, ease docket crowding, and avoid piecemeal litigation. *See* 17A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4247 (1988) (collecting cases); *see generally* Report of the Committee on Federal Courts of the New York State Bar Association, *The Abstention Doctrine: The Consequences of Federal Court Deference to State Court Proceedings,* 122 F.R.D. 89 (1988). While the cases clearly indicate that federal courts should abstain only under "exceptional" circumstances, *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246, and that federal courts have an "unflagging obligation ... to exercise the jurisdiction given them," *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, this Court may properly abstain where a balance of the factors weighs in that direction.[5]

The Court finds that exceptional circumstances exist in this case, and that abstention is appropriate for at least three rea-

---

**5.** The Supreme Court has identified numerous factors that a district court must consider when deciding whether to abstain from jurisdiction. These include the obligation of federal courts to exercise their jurisdiction, the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained in the concurrent fo-

rums. *Colorado River,* 424 U.S. at 817–19, 96 S.Ct. at 1246–47. A later Supreme Court decision added another factor: whether state or federal law provides the rule of decision. *Moses H. Cone Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

sons. First, the Court wishes to discourage piecemeal litigation, especially where the matter involves a question arising from the same factual background. Due to the factual nature of this case, lengthy evidentiary hearings will certainly be necessary. The parties' discovery burdens would be twofold in the event of dual proceedings. The prospect of discovery in two courts for the same matter would certainly impede the orderly and efficient disposition of the entire matter. In sum, piecemeal litigation will prove costly and troublesome to the parties.

Second, state law provides the rule of decision for twelve of the fourteen counts in the complaint. As noted above, only two counts set forth federal questions, and these questions are both similar to the state civil rights questions and reliant on the same proof.

Third, notions of efficiency and judicial economy demand that lawsuits with identical factual basis involving identical parties be tried and disposed of together. In light of the fact that six of the fourteen counts must under the eleventh amendment be remanded to the Superior Court, *see* pp. 1161–62, *supra,* an additional federal litigation involving the same facts, parties, and proof would waste this Court's resources, further crowd the docket, and otherwise create an unnecessary burden.

■ The Court's decision to abstain from exercising its jurisdiction over the civil rights claims does not mean that the Court will *sua sponte* dismiss the claims. Rather, the Court will stay any further action on those claims pending final resolution of the matter in the state courts. "[I]n exceptional circumstances, a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court." *Gulfstream Aerospace Corp. v. Mayacamas Corporation,* 485 U.S. 271, 273, 108 S.Ct. 1133, 1135, 99 L.Ed.2d 296 (1988), *citing Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246; *see Neptune,* 706 F.Supp. at 963–65. Once the state courts have finally resolved the matter, this Court will lift the stay and proceed with the action here if plaintiff chooses to do so.

The Court also notes that the officers may move to remand the federal claims to Superior Court. The Superior Court possesses concurrent jurisdiction over claims brought under federal laws or the United States Constitution. *Hathorn v. Lovorn,* 457 U.S. 255, 266, 102 S.Ct. 2421, 2429, 72 L.Ed.2d 824 (1982); *Green v. Truman,* 459 F.Supp. 342, 345 (D.Mass.1978) (section 1983). Such a motion would serve the interests of all the parties in disposing of the entire matter in one proceeding, and would certainly prove cost-efficient as well.

The Clerk is hereby ordered to stay the case pending plaintiff's motion to lift the stay. Such motion to continue proceedings in this Court may be brought at any time within ninety days of final resolution of the state court proceedings.

## III. CONCLUSION

The Court hereby REMANDS to the Superior Court, County of Berkshire, those claims contained in Counts 3 through 14 of plaintiff's complaint. The Court GRANTS the petition to remove the action as to Counts 1 and 2 of plaintiff's complaint. The Court further STAYS the proceedings on Counts 1 and 2 pending a final resolution of the matter in courts of the Commonwealth of Massachusetts.

It is So Ordered.

## ON MOTION TO DISMISS WITH PREJUDICE

### I. INTRODUCTION

Now before the Court is plaintiff Holly Shepard's motion to dismiss with prejudice the civil rights action she brings on behalf of the estate of her deceased husband. Plaintiff seeks dismissal apparently because she has reached a satisfactory settlement with all but one of the defendants. The lone holdout, defendant Gary F. Egan, opposes the instant motion.

### II. PROCEDURAL BACKGROUND

Plaintiff is the widow of Pittsfield police officer Timothy Shepard. On December

19, 1989, she filed suit in Massachusetts Superior Court, alleging that the Commonwealth of Massachusetts, some of its agencies, and various police officers were responsible for the death of Officer Shepard during his police training. Thereafter, upon petition of the defendants, this Court granted removal as to the civil rights claims, 42 U.S.C. §§ 1983 and 1988, but remanded the remaining twelve counts to the Superior Court. See page 1159. The Court stayed further proceedings on the federal claims pending resolution of the matter in Superior Court.

On July 16, 1990, the parties filed with this Court a stipulation stating that "[i]t is hereby stipulated that this action be dismissed with prejudice and without costs." All necessary parties signed the stipulation except defendant Gary F. Egan. Egan's refusal to sign the stipulation foreclosed any voluntary dismissal by stipulation. *See* Fed.R.Civ.P. 41(a)(1). Therefore, plaintiff sought an order of the Court, via the instant motion, to dismiss the action with prejudice as to all defendants. Defendant Egan opposes the motion. Thus, the Court must now decide whether to dismiss plaintiff's federal action. For the reasons stated below, the Court grants plaintiff's motion, and therefore dismisses with prejudice plaintiff's action.

## III. DISCUSSION

■ Federal Rule of Civil Procedure 41(a) reads in relevant part as follows:

> (2) **By Order of Court.** Except as provided in paragraph (1) [allowing for dismissal by stipulation] ..., an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Rule 41(a)(2) allows the Court to dismiss with or without prejudice, with the most important consideration being the interests of the defendant. *Schwarz v. Folloder,*

767 F.2d 125, 129 (5th Cir.1985). Of course, "[t]he decision to dismiss an action rests within the sound discretion of the trial court...." *Id.*

In this case, plaintiff has moved to dismiss her own claim with prejudice. At least one court has held that under these circumstances, the court is without discretion, and must grant the motion. *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367 (1971). The Court finds this position highly persuasive, because "when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed." *Schwarz,* 767 F.2d at 129. "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot,* 340 F.2d at 303.

Further, it is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice. Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it? Though these questions prove vexatious, the Court need not ponder them at length. Suffice it to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.

Defendant Egan, however, argues that dismissal of the case at this juncture would be prejudicial to him. Egan notes that the Superior Court has appointed a guardian *ad litem* for Timothy Shepard Jr., the child of Timothy and Holly Shepard.[1] The guardian *ad litem,* Attorney Francis X. Spina, has not released the child's rights to pursue additional claims against Egan upon attaining majority. Egan fears that the settlement reached between Holly Shepard and the defendants does not foreclose any actions by Timothy Jr. on his own behalf. By opposing the instant motion, Egan hopes (1) to force Mr. Spina to join the

1. Timothy Jr. was a child *en ventre sa mere* at the time of his father's death.

settlement, on behalf of the child, as a party-plaintiff, and (2) to gain approval of the settlement agreement by the Probate Court or the Supreme Judicial Court pursuant to Mass.Gen.Laws ch. 204, § 14.[2] By so doing, Egan hopes to prevent the child from bringing claims of any sort against Egan with regard to this matter in the future. Failure to require the guardian *ad litem* to join in a court-approved settlement, Egan contends, would permit Timothy Jr. to bring additional claims, and thus expose Egan to further potential liability.

Egan also avers that he has never seen the settlement agreement, and cannot therefore decide whether it is fair and reasonable as to him. Egan points out that the settlement refers to Holly Shepard as the prevailing party. He further states that the settlement may implicate him as responsible for the civil rights violations, and he steadfastly denies any such responsibility.

The Court, while understanding Egan's concerns, finds his arguments misdirected. The only claims now before the Court, and thus subject to dismissal with prejudice, are two civil rights claims brought on behalf of the estate of Timothy Shepard by his widow. These claims, once dismissed with prejudice, are forever barred. Due to principles of *res judicata,* neither Holly Shepard nor any of her privies may revive the civil rights claims on behalf of the estate again. *See Schwarz,* 767 F.2d at 129; 9 C. Wright & A. Miller, *supra* § 2367 at 185–86 (note 36).

Further, it is settled law that a person may generally sue only for deprivation of his own civil rights, and may not sue for deprivation of another's civil rights. *United States v. Raines,* 362 U.S. 17, 22, 80 S.Ct. 519, 523, 4 L.Ed.2d 524 (1960) ("[A] litigant may only assert his own constitutional rights or immunities...."); *Anaya Serbia v. Lausell,* 646 F.Supp. 1236, 1244 (D.P.R.1986) ("[O]ne person may not sue, nor recover damages, for the deprivation of

another person's civil rights."). Thus, regardless of who joins the settlement, the law clearly prevents any person, including Timothy Jr., from ever bringing claims under the Civil Rights Act against Egan with regard to this unfortunate matter.

Egan should direct his arguments to the Massachusetts courts, where the bulk of the litigation lies, because Egan's arguments concern potential state law claims. If the settlement does not include Timothy Jr. as a party, the child may in fact be able to assert state law claims (*e.g.,* wrongful death, loss of consortium, etc.) against Egan in the future. While this possibility may prove worrisome for Egan, the problem of whether Timothy Jr. can or might assert a claim against Egan in the future is not before the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to dismiss with prejudice her claims under 42 U.S.C. §§ 1983 and 1988.

It is So Ordered.

---

2. Simply put, section 14 of the General Laws allows the Probate Court or Supreme Judicial Court to appoint an agent or administrator to compromise competing claims in will or trust proceedings. The compromise, if approved by

the court, would "be valid and binding" as to all parties to the agreement. All parties interested in the estate must partake of the agreement for it to be valid and binding.