**William J. GOSSELIN, Plaintiff,**

v.

**FIELD, HURLEY, WEBB & SULLIVAN, Arthur C. Sullivan, William N. Hurley and Marshall L. Field, Defendants**

### No. CIV.A. 96–12324GAO.

United States District Court,
D. Massachusetts.

March 1, 2002.

Joseph H. Reinhardt, Esq., The McCabe Group, P.C., Philip Y. Brown, Adler, Pollock & Sheehan, P.C., Boston, MA, for Plaintiff.

James L. O'Dea III, Esq., Washington, DC, William N. Hurley Law Offices, Andrew Zaroulas, Esq., Lowell, Frederic N. Halstrom, Esq., Halstrom Law Offices, Boston, MA, Philip S. Nyman, Esq., Nyman & Gaffney, Lowell, for Defendants.

### MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiff, William J. Gosselin, alleges that the defendants, Marshall L. Field, William N. Hurley, and Arthur C. Sullivan, are liable to him for harm caused by committed by James L. O'Dea III. The defendants have moved to dismiss the claims against them on the ground that they are barred by reason of Gosselin's voluntary dismissal of his claims against O'Dea with prejudice. The respective motions to dismiss are GRANTED.

## I. Background

Gosselin's amended complaint (hereinafter referred to as the "complaint") alleges that O'Dea committed malpractice by negligently failing to pursue on Gosselin's behalf a claim under the Americans With Disabilities Act and by negligently advising Gosselin to reject a settlement offered by his former employer with whom Gosselin was engaged in arbitration. The complaint also alleged that the attorneys holding themselves out in practice as "Field, Hurley, Webb & Sullivan" (the "Field defendants") were vicariously liable for O'Dea's malpractice under a theory of partnership by estoppel. (Counts I through VIII.) Additionally, the complaint claimed that the Field defendants had negligently or fraudulently misrepresented that O'Dea was "of counsel" to them, implying an assurance both of quality legal workmanship and of financial responsibility. (Counts IX and X.) The Field defendants were also accused of violating of Mass.Gen.Laws Chapter 93A. (Count XI.) [1]

On March 5, 1999, the Court granted summary judgment for the Field defendants on the ground that the record evidence was insufficient as a matter of law to support a claim of partnership by estoppel, and accordingly, all of the claims in the complaint except those directly asserted against O'Dea were dismissed. *Gosselin v. O'Dea*, 40 F.Supp.2d 45, 48 (D.Mass.1999). Trial of Gosselin's claims against O'Dea was scheduled for April 3, 2000. On March 31, 2000, Gosselin and O'Dea informed the Court that they had reached a settlement, and the Court then entered a sixty-day dismissal order. On May 30, 2000, Gosselin and O'Dea filed a stipulation of dismissal, dismissing all claims by Gosselin against O'Dea with prejudice.

Upon Gosselin's appeal from the grant of summary judgment in favor of the Field defendants, the Court of Appeals reversed

---

1. The complaint named the alleged partnership "Field, Hurley, Webb & Sullivan" as a defendant, but the ordinary rule under Massachusetts law is that a plaintiff cannot sue a general partnership as an entity. In this Court's order of March 5, 1999, the Court *sua sponte* ordered an amendment of the complaint to add the individual partners, Field, Hurley, Webb and Sullivan. *Gosselin v. O'Dea*, 40 F.Supp.2d 45, 47 (D.Mass.1999). Webb has since deceased.

that judgment, finding that there existed a genuine dispute of material fact as to whether a partnership by estoppel had been formed between O'Dea and the Field defendants, *Gosselin v. Webb*, 242 F.3d 412, 417–18 (1st Cir.2001), and the case was remanded for trial. At a pretrial conference, the parties moved to dismiss the claims, asserting the preclusive effect of the Gosselin/O'Dea stipulation of dismissal.

## II. Discussion

■ The effect of a stipulation of dismissal entered in accordance with Fed. R.Civ.P. 41(a)(1) [2] is determined by reference to federal law, even in a case founded upon diversity jurisdiction. *See Porn v. National Grange Mutual Ins. Co.*, 93 F.3d 31, 33–34 (1st Cir.1996) (citing *Johnson v. SCA Disposal Servs., Inc.*, 931 F.2d 970, 974 (1st Cir.1991)) (holding that federal res judicata principles allow federal courts to define the effect of their own judgments). A stipulation of dismissal with prejudice operates as a final adjudication of the merits of the dismissed claims. *See Shepard v. Egan*, 767 F.Supp. 1158, 1165 (D.Mass. 1990) (quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir.1964)); *see also, Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir.1985) (finding that "a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits").

Moreover, "[u]nder the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Int'l, Inc. v. Amertex Enterprises, Ltd.*, 48 F.3d 576, 583 (1st Cir.1995); *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir.1995) ("A judgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of action.").

The federal rule concerning the preclusive effect of a dismissal with prejudice is consistent with Section 51 of the Restatement (Second) of Judgments, which provides in relevant part:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based on grounds that could not have been asserted against the defendant in the first action; or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

Restatement (Second) of Judgments § 51. Neither of the expressed exceptions apply in this case. *See also, Fiumara v. Fireman's Fund Ins. Companies*, 746 F.2d 87, 92 (1st Cir.1984) (finding that a suit against agents is barred by res judicata where the principal has been adjudged not liable).

■ The defendants are entitled to assert the preclusive effect of the dismissal

---

**2.** The stipulation in question contained no reference to any particular rule. It is clear, however, that it was filed in accordance with Fed.R.Civ.P. 41(a)(1).

with prejudice of Gosselin's claims against O'Dea because each of the claims asserted against them depends for its viability on the proposition that O'Dea committed malpractice that injured Gosselin. Counts I through VIII were based on O'Dea's alleged malpractice and on the defendants' alleged vicarious liability for O'Dea's malpractice. The stipulation of dismissal represents the functional equivalent of an adjudication that Gosselin's claims against O'Dea lacked merit; it is equivalent to a judgment in favor of O'Dea on the claims asserted. Consequently, it bars the litigation of any claim that asserts vicarious liability for O'Dea's malpractice. Similarly, Counts IX, X, and XI all allege that Gosselin was harmed by the Field defendants' misrepresentations because they led to Gosselin's being harmed by O'Dea's malpractice. But since Gosselin cannot relitigate the question of O'Dea's negligence, he cannot establish, contrary to what has been established by the dismissal with prejudice, that and that he was harmed by O'Dea's malpractice. Accordingly, he cannot establish the proposition essential to the last three counts of the complaint that any misrepresentation made or unfair practice done by the Field defendants caused such harm.

Gosselin argues that the release agreement he entered into with O'Dea specifically provides that he might continue to pursue his claims against the remaining defendants. However, the Field defendants were not parties to the release and are not bound by its terms. The separate release agreement between Gosselin and O'Dea does not defeat the preclusive effect of the stipulation of dismissal with prejudice. *See Citibank v. Data Lease Financial Corp.*, 904 F.2d 1498, 1504 (11th Cir. 1990); *see also, Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir.1986).

## III.   Conclusion

For the foregoing reasons, the defendants' motions to dismiss are GRANTED and all remaining claims in the case are DISMISSED.

It is SO ORDERED.