CENTURY MANUFACTURING
COMPANY, INC., Plaintiff,

v.

CENTRAL TRANSPORT INTERNA-
TIONAL, INC., et al., Defendants
and Third Party Plaintiffs,

v.

MC Machinery Systems, Inc., Third
Party Defendant and Fourth
Party Plaintiff,

v.

United Express Service, Inc., Fourth
Party Defendant.

Civ.A. No. 00–12435–JGD.

United States District Court,
D. Massachusetts.

Oct. 1, 2002.

Richard L. Yospin, Newton, MA, for Century Manufacturing Company Inc.

Louis Movitz, Alan L. Packer, Packer & Associates, P.C., Boston, MA, for Central Transport, Central Transport International, Inc.

Steven M. Brody, Brody, Jacobs & Fitzgerald, Boston, MA, for MC Machinery Systems, Inc.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S OBJECTION TO STIPULATION OF DISMISSAL

DEIN, United States Magistrate Judge.

On September 5, 2002, defendants/third-party plaintiffs Central Transport International, Inc. and C.C. Eastern, Inc. (collectively "Central") and third-party defendant MC Machinery Systems, Inc. ("MC") filed a Stipulation of Dismissal with prejudice of the third-party action (Docket # 52). Presently before the court is "Plaintiff's Objection to Stipulation of Dismissal of Third–Party Action" (Docket # 54), and the Responses thereto of Central and MC (Docket # 56 & 57). For the reasons detailed herein, the objections of plaintiff Century Manufacturing Company, Inc. ("Century") are OVERRULED, and the third-party action is dismissed with prejudice.

Federal Rule of Civil Procedure 41(a)(1)(ii) requires a voluntary dismissal to be signed "by all parties who have appeared in the action." Plaintiff, therefore, lacks standing to challenge the voluntary dismissal since it is not a "party" to the third-party action. See General Foods Corp. v. Jay v. Zimmerman Co., Inc., No. 86 CIV. 2697(KMW), 1990 WL 115714, at *1–2 (S.D.N.Y. Aug. 7, 1990) (finding that a stipulation "signed by the parties to the third party action, is effective to dismiss the third party action without approval of the Court, and thus plaintiff does not have standing to object to it"); see also First Nat'l Bank of Toms River, N.J. v. Marine City Inc., 411 F.2d 674, 677 (3rd Cir.1969), and authorities cited (finding a stipulation of dismissal of a third-party action "which was consented to by all the parties to the third-party action

terminated it under Federal Rules of Civil Procedure 41(a)(1)" and "[t]he entry of such a stipulation of dismissal is effective automatically and does not require judicial approval").

■ Even assuming that the plaintiff had standing to object, this court would overrule its objection and approve the voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). The purpose of Rule 41(a)(2) is to permit a plaintiff, with approval of the court, to voluntarily dismiss an action "so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir.1981) (internal quotation omitted). Generally, the dismissal of an action under Rule 41(a)(2) is committed to the discretion of the court. *See Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D.Me. 1990). "[D]ismissal should in most instances be granted, unless the result would be to legally harm the defendant.'" *Id.* (quoting 5 Moore, Lucas, & Wicker, *Federal Practice*, § 41.05[1] at 41–53 (2d ed.1988)). *See also Baksh v. Captain*, No. 99–CV–1806 (ILG), 2000 WL 33177209, at *3 (E.D.N.Y. Dec. 11, 2000), and authorities cited ("The requirement that the parties consent to a filed stipulation is to ensure that the plaintiff will not be able to dismiss voluntarily a claim at a later stage of the action without the defendant's consent.").

In the instant case, even assuming, *arguendo*, that the plaintiff's interests are relevant, it has not established that it will suffer any prejudice if the third-party complaint is dismissed. The defendants remain in the action to respond to plaintiff's claims against them. The plaintiff did not bring any claims against MC, so it is impossible to see how the dismissal of MC from this action can prejudice Century. Clearly, there is no prejudice to the remaining parties to the action, either the defendants Central or the fourth-party defendant U.E.S. Transport,[1] all of whom concur with the dismissal.

■ Moreover, in the instant case the parties have moved to dismiss the third-party

complaint *with* prejudice. Under such circumstances, courts have found that they are without discretion, and must grant the motion. *See Shepard v. Egan*, 767 F.Supp. 1158, 1165 (D.Mass.1990), and authorities cited. As the *Shepard* court explained:

> [I]t is difficult, both practically and logistically, to image a court denying a plaintiff's motion to dismiss her own action with prejudice. Could the Court force the plaintiff to continue discovery, or offer evidence? Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it? ... Suffice it to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.

*Id.* The same rationale applies to the dismissal of a third-party complaint.

For these reasons, plaintiff's objection to the dismissal of the third-party complaint is overruled, and the third-party action is dismissed with prejudice. To the extent that the plaintiff, by its objection to the dismissal, is seeking an order clarifying the admissibility of evidence at trial, that issue is appropriately addressed through a motion *in limine*. In accordance with prior orders of this court, such motions are due December 23, 2002.

### *CONCLUSION*

It is hereby ORDERED that the third-party complaint is dismissed with prejudice, and without costs, in accordance with the Stipulation of Dismissal filed by the parties to the third-party action.

---

1. The fourth-party claim against U.E.S. has been assigned by MC to Central, and Central intends to prosecute the claim. U.E.S. has filed a motion for summary judgment on this claim, which motion is pending. Nevertheless, U.E.S. has no objection to the dismissal of the third-party complaint.