STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-661

2004 JUL -7 P 2: 53

VAS, LLC,

      Plaintiff

    v.

DAVRIC MAINE CORPORATION and
SHARON TERRY,

      Defendants

ORDER ON PLAINTIFF'S
MOTION TO DISMISS
WITHOUT PREJUDICE

DONALD L. GARBRECHT
LAW LIBRARY

AUG 10 2004

Before the court is the motion of the plaintiff to dismiss its complaint without prejudice.

## PROCEDURAL BACKGROUND

On November 26, 2003, the plaintiff VAS, LLC filed a complaint against the defendants Davric Maine Corporation and Sharon Terry alleging that the defendants: breached an alleged contract between the parties to develop a Racino in one of Maine's "available municipalities" (Count I); negligently and fraudulently misrepresented that they were willing to enter into such a contract (Count II & IV); and breached their fiduciary duty to the plaintiff (Count III). The plaintiff also claims that it is entitled to punitive damages (Count V). On February 23, 2004, the defendants filed their answer to the plaintiff's complaint.

On April 26, 2004 the plaintiff moved for dismissal without prejudice on the following grounds: "(1) It is not in the Plaintiff's best interest to prosecute the Complaint at this time; and (2) Defendants have not filed any Counterclaims in this matter." In response, on May 14, 2004, the defendants filed an objection to the

motion in which they argued that the litigation was brought in bad faith and should not be dismissed. In the alternative the defendants argued that the court should dismiss the action with prejudice.

At the July 7, 2004 hearing on this matter, the defendants changed their position and requested that the court: (1) grant them time to file a counterclaim; and (2) issue an order dismissing the plaintiff's complaint with prejudice subsequent to their filing a counterclaim. In addition, the defendants stated that if the action were to be dismissed immediately, they would prefer to have the action dismissed without prejudice.

## DISCUSSION

Rule 41(a)(1) of the Maine Rules of Civil Procedure governs voluntary dismissal by a plaintiff. The rule provides:

> Subject to the provisions of Rule 23(e) and of any statute, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action; . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . .

M.R. Civ. P. 41(a)(1).

In the present case, the plaintiff may not voluntarily dismiss its complaint without a court order because (1) the defendants have filed their answer to the plaintiff's complaint, and (2) there is no signed stipulation of dismissal by both parties evidencing their agreement to dismiss the plaintiff's complaint without prejudice.

If the action is to be dismissed, it must be dismissed pursuant to Rule 41(a)(2), which states:

2

Except as provided in paragraph (1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

M.R. Civ. P. 41(a)(2).

The decision of whether to grant a voluntary dismissal is within the court's discretion. See Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 49 (1st Cir. 1981). "The court's discretion extends to whether dismissal should be made with or without prejudice." 8 James W. Moore, Moore's Federal Practice, § 41.40[2] (3d ed. 2004); see also Holbrook v. Andersen Corp., 130 F.R.D. 516, 519 (D. Me. 1990). "However, the breadth of the court's discretion does not excuse its acting arbitrarily or failing to exercise any discretion at all." Moore's Federal Practice, § 41.40[2].

Granting the plaintiff a dismissal without prejudice must be avoided where doing so results in "plain legal prejudice" to the defendant. Moore's Federal Practice, § 41.40[5]. In determining what constitutes plain legal prejudice, a court need not analyze each factor or limit its consideration to factors enumerated by courts in prior decisions. Cf. Doe v. Urohealth Sys.,Inc., 216 F.3d 157, 160 (1st Cir. 2000) (noting that trial courts need not analyze each factor or limit its consideration to factors enumerated by circuit court).

In the present action, although the defendants prefer to file any causes of action they may have against the plaintiff in the form of a counterclaim, they are not unduly prejudiced by dismissal without prejudice. After the plaintiff filed its complaint, the defendants had over seven months to bring a counterclaim against the plaintiff. Moreover, because the action is being dismissed without prejudice, the defendants still have the right to bring any causes of action they may have against

3

the plaintiff in a future legal proceeding. Cf. Shepard v. Egan, 767 F. Supp. 1158, 1165 (D. Mass 1990) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.") (quoting Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964)). Finally, although in their brief the defendants asserted that a dismissal without prejudice would effectively bar them from prosecuting their claim against the plaintiff for malicious prosecution, see Defs.' Objection to the Motion to Dismiss at 4, this argument was trumped by the defendants' explicit statement at the July 7, 2004 hearing that if the court were to dismiss this action without affording them the opportunity to file any counterclaims, they would prefer to have the action dismissed without prejudice.

Accordingly, the plaintiff's motion to dismiss without prejudice is granted.

## DECISION

The entry is

Plaintiff's Motion to Dismiss Without Prejudice is GRANTED.

Date: July 7, 2004

Robert E. Crowley
Justice, Superior Court

4

VAS, LLC - PLAINTIFF

Attorney for: VAS, LLC
STEPHEN E F LANGSDORF
PRETI FLAHERTY ET AL
PO BOX 1058
45 MEMORIAL CIRCLE
AUGUSTA ME 04332-1058

Attorney for: VAS, LLC
WILLIAM CHARLES MOORHOUSE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: VAS, LLC
BRUCE MERRILL
LAW OFFICE OF BRUCE M. MERRILL PA
225 COMMERCIAL ST., SUITE 401
PORTLAND ME 04101


vs
DAVRIC MAINE CORPORATION - DEFENDANT

Attorney for: DAVRIC MAINE CORPORATION
BRADFORD BOWMAN
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

Attorney for: DAVRIC MAINE CORPORATION
EDWARD MACCOLL
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

SHARON TERRY  - DEFENDANT

Attorney for: SHARON TERRY
BRADFORD BOWMAN
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

Attorney for: SHARON TERRY
EDWARD MACCOLL
THOMPSON BULL FUREY BASS & MACCOLL
120 EXCHANGE ST, 6TH FLOOR
PO BOX 447
PORTLAND ME 04112-0447

**DOCKET RECORD**