Héctor A. **RIVERA–GARCÍA,** Delma Quiñones, and the conjugal partnership constituted by both of them, Plaintiffs

v.

**SISTEMA UNIVERSITARIO ANA G. MÉNDEZ;** Colegio Universitario Del Este,; Alberto Maldonado, in his official capacity as Chancellor of the Colegio Universitario del Este and in his personal capacity; his wife Jane Doe; and the conjugal partnership constituted by both of them, Defendants.

Civil No. 01–1002 (JAG).

United States District Court,
D. Puerto Rico.

July 30, 2004.

Zuleika Llovet–Zurinaga, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Plaintiffs.

Jose E. De–La–Cruz–Skerrett, Old San Juan, PR, Martha L. Martinez–Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On January 2, 2001, plaintiff Héctor Rivera García ("Rivera"), his wife Delma Quiñones, and their conjugal partnership filed an action for damages pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. §§ 12101, *et seq.* ("ADA"); the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e; the Civil Rights Act of 1991, as amended, 42 U.S.C.A. § 1981(a); the Puerto Rico Wrongful Discharge Act, 29 L.P.R.A. §§ 185(a), *et seq.;* Puerto Rico law regarding breach of contract, 31 L.P.R.A. §§ 3371, 3373; and Puerto Rico law governing the infliction of emotional distress, 31 L.P.R.A. § 5141.

Defendants Sistema Universitario Ana G. Méndez ("SUAGM"); Colegio Universitario del Este ("CUE"); Alberto Maldonado Ruiz ("Maldonado"), both in his official capacity as head of the Colegio Universitario del Este and in his personal capacity; his wife Jane Doe; and their conjugal partnership moved to dismiss Rivera's claims under the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and his claims against individuals Alberto Maldonado and Jane Doe and their conjugal partnership pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 22).

Defendants also moved for summary judgment of Rivera's claims of wrongful discharge, breach of contract, and employ-

ment discrimination (Docket Nos. 49 and 81).

For the reasons discussed below, the Court **GRANTS** the defendants' motion to dismiss and **GRANTS** the defendants' motion for summary judgment.

## FACTUAL BACKGROUND[1]

Plaintiff Héctor A. Rivera–García suffered from poliomyelitis as a child, and as a result suffers from some difficulty of movement. Rivera is a doctor of philosophy and has been employed as faculty at a variety of higher education institutions. In July or August of 1998, Rivera applied for the position of Vice Chancellor of Academic Affairs of CUE, one of three higher education institutions within SUAGM.

Defendant Alberto Maldonado Ruiz, Chancellor of CUE, convened a committee to recommend three members of the applicant pool for the position. Rivera applied for the vice chancellorship in July or August of 1998, and was among those recommended to Maldonado. Maldonado selected another candidate, who resigned almost immediately for personal reasons. Following that candidate's resignation, Maldonado appointed the Director of the Languages Department, Dr. Gilda Gisely, as Vice Chancellor of Academic Affairs. She had not initially applied for the position, but had been a member of the recommendation committee that considered Rivera.

Shortly thereafter, Maldonado met with Rivera to discuss Maldonado's decision not to appoint Rivera. Rivera alleges that Maldonado, in explaining his rationale, referred to the travel demands of the position and to Rivera's difficulty of motion. Maldonado offered Rivera a faculty position at CUE and asked Rivera to serve as Director of the Department of Liberal Arts. Rivera accepted a one-year contract for the positions.

Through a letter dated May 28, 1999, Maldonado informed Rivera that his appointment as a member of the faculty would be extended until August 2001. On June 14 Maldonado met with Rivera to inform him that a sexual harassment complaint had been filed against him. On June 23, two CUE faculty members told Rivera that he would be suspended from employment while they investigated the complaint. On August 2, 1999, Rivera was terminated.

Rivera filed a complaint with the Equal Opportunity Employment Commission, which issued a right to sue letter to the plaintiff on October 5, 2000. On January 2, 2001, Rivera filed the present complaint, alleging that his former employer had discriminated against Rivera in violation of the ADA in terminating him; wrongfully terminated him in violation of Puerto Rico law; breached his employment contract for an additional 2 years of service on the faculty; and caused him and his wife emotional distress. On January 3, 2003, defendants filed a motion to dismiss all of Rivera's claims under the Civil Rights Acts of 1964 and 1991 and to relieve Maldonado in his individual capacity, his wife, and their conjugal partnership of liability for his actions as Chancellor (Docket No. 22). On February 18, 2003, the plaintiffs opposed the motion to dismiss (Docket No. 28). On October 3, 2003, defendants filed a motion for summary judgment as to Rivera's claims of wrongful termination, breach of contract, and discrimination under the ADA (Docket No. 49). Plaintiffs opposed the motion on November 7, 2003 (Docket No. 65).

## DISCUSSION

A. *Motion to Dismiss Standard.*

Fed.R.Civ.P. 12(b)(6) requires that a movant show "beyond a doubt that the

---

1. The facts are taken from the complaint (Docket No. 1) and answer (Docket No. 6).

plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also, *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir.1997), *cert. denied*, 522 U.S. 1090, 118 S.Ct. 880, 139 L.Ed.2d 869 (1998) (noting that case can be dismissed for failure to state a claim only if plaintiff may not recover under any theory on facts alleged). In weighing such a motion, the court makes all reasonable inferences in the plaintiff's favor, but need not credit "[b]ald assertions, subjective characterizations, and legal conclusions." *DM Research v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir.1999) (quoting district court opinion, 2 F.Supp.2d at 228). Plaintiff must "allege a factual predicate concrete enough to warrant further proceedings." *Id.*

B.  *Defendants' Motion to Dismiss.*

Defendants allege that Rivera has no actionable claim under the Civil Rights Act of 1964 and the Civil Rights Act of 1991 based on the "state action" requirement of 42 U.S.C.A. § 1983. Section 1983, however, was not cited in the complaint and has no bearing upon this case. Those provisions of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 cited within the complaint (Docket No. 1)—namely, 42 U.S.C. § 2000e and 42 U.S.C. § 1981(a)—provide for a civil action and damages in the case of a violation of the ADA. Because § 2000e and § 1981(a) are linked to Rivera's ADA claim, they cannot be separately dismissed, but are implicitly included in the Court's consideration of Rivera's ADA claim.

■ Defendants also challenge Rivera's discrimination claims against Alberto Maldonado in his individual capacity, his wife Jane Doe, and their conjugal partnership. Federal courts have consistently held that supervisors are not liable as individuals for their discriminatory behavior when acting in their official capacities. *See, e.g., Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir.1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir.1996); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir.1995); *Julia v. Janssen, Inc.*, 92 F.Supp.2d 25, 28–29 (D.P.R.2000); *Vicenty Martell v. Estado Libre Asociado*, 48 F.Supp.2d 81, 87–88 (D.P.R.1999); *Sifre v. Dep't of Health*, 38 F.Supp.2d 91, 105–06 (D.P.R.1999); *Figueroa v. Fajardo*, 1 F.Supp.2d 117, 120 (D.P.R.1998); *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. 49, 50–51 (D.P.R.1996). Because the ADA does not provide for individual liability, the claims against Maldonado as an individual, Jane Doe and their conjugal partnership must be dismissed.

C.  *Summary Judgment Standard.*

Pursuant to Fed.R.Civ.P. 56, a motion for summary must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2725, p. 401. A "genuine" issue is one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, *Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989), would permit a rational factfinder to resolve the issue in favor of either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975).

A material fact is one that could potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

In the case of mixed questions of law and fact, summary judgment is appropriate if the facts "are formally stipulated to or constructively agreed upon by the parties" or if the gravamen of the dispute is legal rather than factual. See, *Uhl v. Swanstrom*, 79 F.3d 751, 754–55 (8th Cir. 1996) (summary judgment "particularly appropriate" if unresolved issues are primarily legal rather than factual). Summary judgment is also appropriate if factual issues in the case are established as a matter of law. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (if factual matters are clear because of strength of movant's evidence or weakness of nonmovant's evidence, purported factual dispute can be decided only one way as a matter of law and summary judgment may be granted; "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted").

D. *Defendants' Motion for Summary Judgment.*

Defendants challenge Rivera's claim of employment discrimination in violation of the ADA, asserting alternately that Rivera has not demonstrated evidence of a "disability" within the statutory definition (42 U.S.C. § 12102), that he has not established a *prima facie* case of employment discrimination, and that SUAGM provided "reasonable accommodation" as defined by the statute (42 U.S.C. § 12111).

The ADA prohibits a "covered entity"[2] from "discriminating against a qualified individual with a disability because of the disability of such an individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8).

■■■ First Circuit jurisprudence provides three methods to establish a claim of disability under the ADA. "Of those three, Plaintiff has, under the circumstantial or preponderance of the evidence approach, two means to prove an ADA claim, i.e., the statutory framework method, or the *McDonnell Douglas* burden-shifting framework." *Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 153 (D.P.R.2003).[3] Plaintiff Rivera purports to satisfy the statutory framework method (Docket No. 23). To do so, Rivera must demonstrate by a preponderance of the evidence that (1) he was disabled within the meaning of the ADA; (2) he is able to perform the essential functions of his employment with or without reasonable accommodation; and (3) he was denied an employment opportunity in whole or in part due to his disability. *Katz v. City Metal Co., Inc.*, 87 F.3d 26, 30 (1st Cir. 1996).

---

**2.** A "covered entity" is defined as "an employer, employment agency, labor organization or joint labor management committee." 29 C.F.R. § 1630.2(b). The term "employer" is further defined to include "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 29 C.F.R. § 1630.2(e).

**3.** Plaintiff can also prove the alleged acts of discrimination through the provision of direct evidence. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

To satisfy the first prong of the framework—i.e., to qualify as "disabled" within the meaning of the Act—Rivera must demonstrate by a preponderance of the evidence that (A) he has a physical impairment that substantially limits one or more of his major life activities; (B) he has a record of such impairment; or (C) he is regarded by his employer as having such an impairment. 29 C.F.R. § 1630.2(g). Submissions from both plaintiffs and defendants have focused upon major life activities (Docket No. 65 at 9 and Docket No. 49 at 26–27), plaintiffs asserting that Rivera's physical condition interferes with his ability to walk (Docket No. 65 at 9). Therefore the Court will analyze Rivera's asserted disability according to its effect upon the major life activity of walking.

Analysis of subsection (A) is also three-pronged. *Bragdon v. Abbott,* 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). The Court must consider (a) whether Rivera's condition constitutes a physical impairment; (b) whether the life activity upon which Rivera relies is a major life activity under the ADA; and (c) whether the impairment substantially limits the major life activity. *Id.* at 631; *Carroll v. Xerox,* 294 F.3d 231, 238 (1st Cir.2002); *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

The Court accepts that the physical and mental impairments envisioned by the ADA include "any physiological disorder, or condition, ... affecting ... [the] musculoskeletal" system.[4] 29 C.F.R. § 1630.2(h)(1); 45 C.F.R. § 84.3(j)(2)(i). This definition includes Rivera's condition. Moreover, walking is unquestionably a major life activity, as has been recognized not only by the EEOC, 29 C.F.R. § 1630.2(h)(2)(i), but also by many federal courts. *See, e.g., PGA Tour, Inc. v. Martin,* 532 U.S. 661, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001); *Katz,* 87 F.3d 26, 31; *Webber v. Int'l Paper Co.,* 239 F.Supp.2d 88 (D.Me.2003); *Canis v. Coca–Cola Enter., Inc.,* 49 F.Supp.2d 73 (D.R.I.1999). The Court assumes arguendo that Rivera is able to satisfy the first two prongs of the analysis—namely, his condition is an impairment and the activity upon which he relies is a major life activity.

However, "[m]erely having an impairment does not make one disabled for the purposes of the ADA." *Toyota,* 534 U.S. at 195, 122 S.Ct. 681. *See also Lessard v. Osram Sylvania, Inc.,* 175 F.3d 193, 197 (1st Cir.1999)("Under the ADA, not all impairments lead to protection"). Whether a person has a disability under the ADA is a highly individualized inquiry. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). In order to establish that he is disabled, "[a]n ADA plaintiff must offer evidence demonstrating that the limitation caused by the impairment is substantial in terms of his or her own experience." *Bai-*

---

4. This list was first promulgated by the Department of Health and Human Services and later adopted by the Equal Employment Opportunity Commission (EEOC), and does not, therefore, represent the intentions of the ADA's congressional drafters. *Toyota* notes that "the persuasive authority of the EEOC regulations is less clear." 534 U.S. at 194, 122 S.Ct. 681. However, the First Circuit has frequently consulted the EEOC regulations in analyzing ADA claims. *See, e.g., Gillen v.*

*Fallon Ambulance Serv.,* 283 F.3d 11, 21 (1st Cir.2002); *Santiago Clemente v. Executive Airlines, Inc.,* 213 F.3d 25, 30 n. 2 (1st Cir. 2000)("We look to the well-reasoned views of the agencies implementing a statute, which constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance"); *Lessard v. Osram Sylvania, Inc.,* 175 F.3d 193, 196 (1st Cir.1999).

*ley v. Georgia–Pacific Corp.*, 306 F.3d 1162, 1168 (1st Cir.2002).

Even if the Court concedes *arguendo* that Rivera's condition constitutes a physical impairment within the meaning of the ADA, the plaintiff has not demonstrated that his condition *substantially limits* the major life activity of walking. According to the EEOC, "substantially limits means: (i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). The EEOC recommends that the Court, in determining whether an individual is substantially limited in a major life activity, consider: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2). Rivera's condition is unquestionably permanent, having resulted from a childhood bout with polio (Docket No. 1). However, Rivera has not demonstrated that the "nature and severity of the impairment" are such that he should be considered disabled under the Act.

Delma Quiñones, Rivera's wife, clearly explained in her deposition that her husband does not require special facilities within his two-story home nor adaptations to his automobile (Docket No. 49 at 31–33). Plaintiffs have not provided any evidence

to the contrary. Moreover, Rivera has failed to produce the alleged letter of December 14, 1998, in which he requested specific accommodations from defendant Maldonado (Docket No. 53 at 18). Witnesses Carlos Candelario Muñiz and José Enrique Cotto Vargas, who were expected to testify as to Rivera's struggles with university facilities (Docket No. 41 at 2–3), have not been deposed nor their testimony otherwise proffered by plaintiffs. Finally, Rivera himself complained in his deposition that the university's attempt to accommodate him at the graduation ceremony was unnecessary: "I was asked not to go on the procession .... which took me by surprise because *I can walk.*" (Emphasis ours) (Docket No. 65 at 11.) Therefore, this Court has insufficient evidence to demonstrate that Rivera is "significantly restricted" as to his capacity for walking as compared to the average individual.

▮ Given plaintiffs' failure to provide evidence that Rivera's condition has substantially limited his capacity to walk, this Court cannot find that Rivera is disabled within the meaning of the ADA. The inquiry ends here. The Court need not consider CUE's failure to reasonably accommodate Rivera nor the possibility that his condition played a role in his termination because he has not demonstrated evidence of a disability.[5]

"The antidiscrimination obligation is unusual in the context of federal civil rights statutes. It imposes not only a prohibition against discrimination, but also, in appropriate circumstances, a positive obligation to make reasonable

---

**5.** Rivera has also failed to demonstrate that he was regarded by his employer as disabled. "[A] person is regarded as disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, non-limiting impairment substantially limits one or more major life activities." *Murphy v. UPS*, 527 U.S. 516, 521–22, 119 S.Ct. 2133,

144 L.Ed.2d 484 (1999). Maldonado's alleged comments and the meager attempt to accommodate for Rivera's difficulty with stairs at the graduation ceremony are not sufficient to show that Rivera's employer regarded him as having an impairment that substantially limited the major life activity of walking.

accommodations. *Absent a disability, however, no obligations are triggered for the employer.*" (Emphasis ours) *Soileau v. Guilford of Me., Inc.,* 105 F.3d 12, 14–15 (1st Cir.1997).

■ Even had the Court found in the alternative that Rivera qualified as disabled within the meaning of the ADA, the plaintiffs have not provided sufficient evidence of Rivera's request for reasonable accommodation nor have they provided evidence of the university's failure to respond to such a request. As noted above, the ADA definition of discrimination includes "not making reasonable accommodations of the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(5)(A). Although Rivera alleges that he requested accommodation both verbally and in a letter, he has not provided the promised evidence of these requests, a copy of the letter and the testimony of two members of the SUAGM faculty. To survive summary judgment, a nonmovant must produce specific facts in opposition to the summary judgment motion. 11 *Moore's Federal Practice* ¶ 56.10[1] (Matthew Bender 3d ed.). Mere allegations will not suffice. Fed.R.Civ.P. 56(e).

Because Rivera has failed to demonstrate that he is disabled within the meaning of the ADA, his discrimination claim under that Act is dismissed with prejudice.

E. *Dismissal of pendent state law claims.*

■ Federal court jurisdiction over this claim was based on federal civil rights claims against individual Maldonado, his wife and their conjugal partnership, and against SUAGM. The Court's dismissal of the civil rights claims against the individual defendants and its grant of summary judgment with respect to the ADA claim—

which was filed in accordance with 42 U.S.C. § 2000e and 42 U.S.C.A. § 185(a)—eliminates the federal question that was the basis for the Court's jurisdiction. The Court will therefore dismiss the remaining state claims without prejudice in accordance with federal court discretion regarding the assertion of pendent jurisdiction over state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendants' motion to dismiss (Docket No. 22), and **GRANTS** the defendants' motion for summary judgment (Docket Nos. 49 and 81). The pendent state law claims are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.