**David CAMACHO–ALBERT, Plaintiff**

v.

**MENDEZ & CO., INC., et al., Defendant(s).**

**Civil No. 08–1460 (JAG).**

United States District Court, D. Puerto Rico.

June 18, 2008.

Carlos J. Quilichini, Quilichini, Oliver, Medina & Gorbea, Sonia B. Alfaro–De–La–Vega, San Juan, PR, for Plaintiff.

Juan J. Casillas–Ayala, Jaime Luis Sanabria–Montanez, Pedro A. Buso–Garcia, Rebecca Paez–Rodriguez, Fiddler, Gonzalez & Rodriguez, P.S.C., San Juan, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is the Motion to Dismiss filed by Arturo Thurin ("Thurin") and his spouse Julia Vazquez ("Julia") (collectively "Individual Defendants"). (Docket No. 11). For the reasons set forth below, the Court **GRANTS** Individual Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2008, Plaintiff David Camacho Albert ("Plaintiff") filed an Amended Complaint before this Court against Mendez & Co., Inc, Thurin, his spouse Julia and the conjugal partnership composed by both of them.[1] Basically, Plaintiff contends that Mendez & Co., Inc. and Thurin, Plaintiff's supervisor in said company, have engaged in a pattern of discrimination and harassment against him because of the disabilities related to his medical condition.[2] Plaintiff has brought forth this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). In addition, Plaintiff invokes this Court's supplemental jurisdiction by advancing claims under the Constitution and laws of the Commonwealth of Puerto Rico. (Docket No. 9).

On June 2, 2008, Individual Defendants moved to dismiss Plaintiff's federal and state law claims against them.[3] According to Individual Defendants, Thurin cannot be held liable under the ADA because there is no individual liability under said statute. (Docket No. 11). Plaintiff did not oppose Individual Defendants' motion.

## STANDARD OF REVIEW

A. *Motion to Dismiss Standard.*

▮▮▮ In *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausi-

---

1. According to Plaintiff, Thurin together with his wife and the conjugal partnership composed by both of them are jointly and severally liable for the damages suffered by him. (Docket No. 9).

2. Plaintiff alleges that he "suffers from severe diabetes mellitus, chronic gastritis, gastroparesis, neuropathy and renal failure due to his condition of diabetes and suffers from other complications related to said conditions." (Docket No. 9).

3. We interestingly note that Individual Defendants' Motion to Dismiss makes reference to the complaint filed by Plaintiff in the State Court which was subsequently removed to this Court. (Docket No. 1). Even though Individual Defendants' motion does not mention the Amended Complaint filed by Plaintiff, it can still be disposed of by this Court because in both the State Court Complaint and the Amended Complaint, Plaintiff alleges that Thurin, his supervisor, is individually liable under the ADA. (Docket Nos. 1 and 9).

ble." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

 The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### 1. *Individual Liability Under the ADA*

Individual Defendants argue that Plaintiff's ADA claim against Thurin should be dismissed because no individual liability may arise out of such statute. We agree with Individual Defendants' contention.

 Neither our Circuit nor the Supreme Court has decided whether individual liability may be attached to agents or supervisors under the ADA. *Mendez-Vazquez v. Tribunal Gen. De Justicia,* 477 F.Supp.2d 406, 413 (D.P.R.2007). Nonetheless, this Court has consistently held that ADA provides no individual liability against supervisors or co-employee defendants. *Id.; Figueroa–Garay v. Municipality of Rio Grande,* 364 F.Supp.2d 117, 130 (D.P.R.2005); *Rivera–Garcia v. Sistema Universitario Ana G. Mendez,* 329 F.Supp.2d 213, 217 (D.P.R.2004).

 Since Thurin is Plaintiff's supervisor, he cannot be held liable under the ADA. As such, Plaintiff's federal claims against Individual Defendants shall be dismissed.

### 2. *Supplemental Law Claims*

 This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v. American Federation,* 137 F.3d 666, 672 (1st Cir.1998)("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.") (citations omitted). This Court has dismissed Plaintiff's federal claim against Individual Defendants, thus, we will not exercise supplemental jurisdiction over Plaintiff's remaining state law claims against such defendants.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Individual Defendants' Motion to Dismiss. (Docket No. 11). Plaintiff's federal claims against Individual Defendants shall be dismissed with prejudice. Plaintiff's state law claims against Individual Defendants shall be dismissed without prejudice. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.