NIPPY, INC., Plaintiff,

v.

PRO ROK, INC., et al., Defendants.

Civil No. 94–1766 (HL).

United States District Court,
D. Puerto Rico.

June 28, 1996.

Richard M. Graffam–Rodriguez, McConnell Valdes, San Juan, PR, Alfredo Castellanos–Bayouth, Hato Rey, PR, for plaintiff.

Amancio Arias–Guardiola, San Juan, PR, for Pro Rok, Inc.

Hector Cuebas–Tanon, Santurce, PR, Harold D. Vicente–Gonzalez, Vicente & Cuevas, Santurce, PR, for Jose Betancourt, Humberto Betancourt.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Plaintiff Nippy, Inc.'s motion to voluntarily dismiss this action with prejudice, pursuant to Federal Rule 41(a)(2). In their reply to Plaintiff's motion, Defendants request that the dismissal be conditioned upon Plaintiff's payment of Defendant's legal fees. Defendants also seek "an amount not less than $45,000" in sanctions pursuant to Federal Rule 11. Plaintiff had brought this action alleging damages pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO")[1] and Puerto Rico law claims. The bench trial in this case was scheduled for June 3, 1996. On May 16, 1996, Plaintiff filed its motion to voluntarily dismiss with prejudice.

■ If a defendant has already answered, a plaintiff wishing to voluntarily dismiss must move the court for the dismissal and the court may impose terms and conditions on the dismissal. Fed.R.Civ.P. 41(a)(2); *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 51 (1st Cir.1981); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364, at 272–74 (2d ed. 1995). In determining whether to grant a voluntary dismissal, the court should consider any prejudice, expense, or inconvenience to the defendant. *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir.1985); *Shepard v. Egan,* 767 F.Supp. 1158, 1165 (D.Mass. 1990); 9 Wright & Miller, *Federal Practice and Procedure* § 2364, at 290, 293. When the voluntary dismissal is with prejudice, it constitutes a complete adjudication on the merits of the plaintiff's claim. *Harrison v. Edison Bros. Apparel Stores, Inc.,* 924 F.2d 530, 534 (4th Cir.1991); *Brooks v. Barbour Energy Corp.,* 804 F.2d 1144, 1146 (10th Cir. 1986); *Schwarz,* 767 F.2d at 129; 9 Wright & Miller, *Federal Practice and Procedure* § 2364, at 277. In such a case, the defendant receives all that it would have received if the case had gone to trial. *Schwarz,* 767 F.2d at 129; *Shepard,* 767 F.Supp. at 1165.

**1.** 18 U.S.C.A. §§ 1961–1968 (West 1984 & Supp.

### 1. Civil RICO claims

■ In this case, Defendants are seeking attorney's fees as a condition to dismissal. Generally, a plaintiff's voluntary dismissal with prejudice does not entitle a defendant to attorney's fees. *Colombrito v. Kelly,* 764 F.2d 122, 133–34 (2nd Cir.1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985); *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir. 1965); *Esquivel v. Arau,* 913 F.Supp. 1382, 1388 (C.D.Cal.1996). A court may award, attorney's fees, however, in exceptional circumstances. *Smoot,* 353 F.2d at 833; *Murdock v. Prudential Ins. Co. of America,* 154 F.R.D. 271, 273 (M.D.Fla.1994). Additionally, a court may award attorney's fees when a party acts in bad faith, wantonly, vexatiously, or for an oppressive reason. *Schwarz,* 767 F.2d at 132.

■ In considering Defendants' interests in this case, the Court finds that Plaintiff's voluntary dismissal saves Defendants the costs of going to trial. Moreover, because the dismissal is with prejudice, Defendants will not be faced with the prospect of having to defend themselves against Plaintiff's claims a second time. Thus, the dismissal with prejudice gives Defendants exactly what they would have received had they succeeded at a trial. Defendants argue that Plaintiff is dismissing this case as an attempt to avoid paying Defendants' legal fees. However, the prevailing party does not normally recover its attorney's fees. *Id.* Thus, even if this case had gone to trial and even if Defendant had succeeded at trial, there is no guarantee that Defendants would have been entitled to attorney's fees. Moreover, the record does not indicate that Plaintiff has acted in bad faith, wantonly, vexatiously, or for an oppressive reason. Thus, an award of attorney's fees to Defendants is not warranted in this case.

### 2. Rule 11

■ Defendants also seek sanctions pursuant to Federal Rule 11. Rule 11 authorizes sanctions for parties or attorneys who file pleadings, motions, or other papers for an improper purpose, such as to harrass, to

1996).

cause unnecessary delay, or to needlessly increase the cost of litigation. Fed.R.Civ.P. 11; *Simon v. Navon,* 71 F.3d 9, 17 (1st Cir.1995). A court may impose sanctions under Rule 11 against a plaintiff even when, as here, the plaintiff has voluntarily dismissed the action with prejudice. *See Burnette v. Godshall,* 828 F.Supp. 1439, 1444 (N.D.Cal.1993), *aff'd by Burnette v. Lockheed Missiles & Space Co.,* 72 F.3d 766 (9th Cir. 1995). The record in the case before the Court does not indicate that Plaintiff filed pleadings or other motions with the purpose of harassing, causing unnecessary delay, or needlessly increasing the cost of litigation. Thus, the Court denies Defendants' request for the imposition of sanctions under Rule 11.

### 3. Puerto Rico law claims

Plaintiff also brought Puerto Rico law claims, alleging fraud, conspiracy to defraud, misrepresentation, breach of contract, and violations of Puerto Rico's Act Against Organized Crime.[2] Puerto Rico law governs whether Plaintiff must pay Defendants' attorney's fees for the Puerto Rico law claims. *See Dopp v. Pritzker,* 38 F.3d 1239, 1252 (1st Cir.1994); *De Leon Lopez v. Corporacion Insular de Seguros,* 931 F.2d 116, 126 (1st Cir.1991). Specifically, Puerto Rico's Rule of Civil Procedure 44.1(d) controls the outcome of this issue.

Under Rule 44.1(d), the court shall impose the costs of the attorney's fees on the party that acted "obstinately or frivolously." P.R.Laws Ann. tit. 32, App. III, R. 44.1(d) (Supp.1991).[3] "A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *De Leon Lopez,* 931 F.2d at 126. The fact that a party's claim has failed does not mean that that party must also pay the opposing party's attorney's fees. *Dopp,* 38 F.3d at 1254;

*Reyes v. Banco Santander de P.R.,* 583 F.Supp. 1444, 1446 (D.P.R.1984).

The rule penalizes the party that causes the unnecessary expense and delay in the litigation. *See Fernández Mariño v. San Juan Cement Co.,* 118 D.P.R. 713, 18 Official English Translation 823, 829–30 (1987). The purpose of the rule is *not* to place the prevailing party in the position that it was in before the litigation began. *See Reyes,* 583 F.Supp. at 1446 ("The fact that the fruit of [one party's] labor was highly successful does not mean that [the opposing party] was obstinate."). Instead, the rule castigates the party that needlessly plods on with the litigation without reason or insists on bringing a frivolous action. *Id.* Once the court determines that a party was obstinate, the imposition of attorney's fees is mandatory. *Dopp,* 38 F.3d at 1252.

Courts look to several factors before making a determination of obstinacy: (1) the complexity of the issues, the clarity of the law, and the disposition of the litigants—in short, the "personality" of the case, *Dopp,* 38 F.3d at 1253–54; (2) the delay and stubbornness in discovery, including a disregard for court orders, *de Leon Lopez v. Corporacion Insular de Seguros,* 742 F.Supp. 44, 48 (D.P.R.1990), *aff'd,* 931 F.2d 116 (1st Cir. 1991); (3) temerity in settlement negotiations, *Id.;* and (4) the novelty of the claim, *Riofrio Anda v. Ralston Purina Co.,* 772 F.Supp. 46, 54 (D.P.R.1991), *aff'd,* 959 F.2d 1149 (1st Cir.1992).

In the case before the Court, Plaintiff did not demonstrate stubbornness in the discovery process or disregard for the Court's orders. There were several discovery disputes in this case, but the contentiousness of these disputes does not constitute obstinacy by any of the parties. Additionally, Plaintiff did not demonstrate temerity in settlement negotiations. In general, the Court finds that Plaintiff's conduct did not act obstinately or frivolously. Therefore, De-

---

**2.** P.R.Laws Ann. tit. 25, §§ 971–971s (1979 & Supp.1991).

**3.** Rule 44.1(d) states, "In the event any party or its lawyer has acted obstinately or frivolously, the

court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct."

fendants are not entitled to attorney's fees under Puerto Rico Rule 44.1(d).

### 4. Costs

 As mentioned above, the court may impose terms and conditions on a voluntary dismissal. Fed.R.Civ.P. 41(a)(2); *Leith,* 668 F.2d at 51; 9 Wright & Miller, *Federal Practice and Procedure* § 2364, at 272–74. The Court finds that in this case the imposition of costs on Plaintiff is an appropriate condition to the dismissal. The Court is troubled by Plaintiff's conduct in this case. Plaintiff sought damages under RICO. A civil RICO lawsuit involves serious allegations of enormous consequences; its use should not be abused. *See generally Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir.1991). The litigation of this case involved extensive and contentious discovery. Judicial resources and the litigation expenses of all parties could have been saved if Plaintiff would have moved for dismissal at an earlier stage of the proceedings. As discussed above, Plaintiff's failure to file a motion to dismiss earlier does not constitute conduct sufficiently egregious to warrant the imposition of sanctions or the awarding of attorney's fees. The Court does find, nonetheless, that Plaintiff should be made to pay Defendants' costs that were reasonably incurred in the defense of this case. *See O'Ferral v. Trebol Motors Corp.,* 45 F.3d 561, 564 (1st Cir.1995) (District court has discretion to award costs beyond those specified in 28 U.S.C. § 1920); *cf. Burnette,* 828 F.Supp. at 1444, 1447–49 (The award of legal costs was proper where Plaintiff dismissed with prejudice a RICO claim that had not been sufficiently researched).

Moreover, in determining whether to grant a voluntary dismissal, the court should consider the prejudice, expense, or inconvenience to the defendant. *Schwarz,* 767 F.2d at 129; *Shepard,* 767 F.Supp. at 1165. If the case before the Court had gone to trial and if Defendants had won, they would have been entitled to costs. The awarding of costs to Defendants as a condition of Plaintiff's dismissal will put Defendants in the same position that they would have been in if they had won at trial. Defendants shall submit an itemization of their costs by **July 22, 1996.**

In conclusion, when a plaintiff moves for voluntary dismissal with prejudice, courts may only award attorney's fees to the defendant or sanction the plaintiff in egregious cases. This is not such a case. The facts of this case do justify, however, the imposition of costs. Accordingly, the Court **grants** Plaintiff's motion for voluntarily dismissal (docket no. 146) and denies Defendants' requests for sanctions and attorney's fees (docket no. 150). Additionally, the Court awards Defendants their costs reasonably incurred in the defense of this case.

**IT IS SO ORDERED.**