Carmen **MOREL**, et al., Plaintiffs,

v.

**DAIMLER CHRYSLER AG,**
**et al., Defendants.**

Civil No. 05–2162 (FAB).

United States District Court,
D. Puerto Rico.

March 14, 2007.

David C. Indiano–Vicic, Seth Erbe, Ada Sofia Esteves, Seth Erbe, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Antonio Gnocchi–Franco, Gnocchi–Franco Law Office, Diego A. Ramos, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, PHV Bertrand LeBlanc, Carroll, Burdick and McDonough LLP, San Francisco, CA, PHV Robert M. Hanlon, Sr., PHV Robert M. Hanlon, Jr., Hanlon Bogliolit Hanlon PC, Edison, NJ, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

On February 23, 2007, plaintiffs Carmen Morel and Jose Roman ("plaintiffs") were ordered to file Fernando Roman's Declaration of Heirs or Last Will and Testament. (Docket No. 74)

On February 26, 2007, plaintiffs informed the Court that they are waiting for the legal division of the Commonwealth of Puerto Rico Association of Government Employees (AEELA)[1] to perform a review "to determine if a last will or testament was filed" by Fernando Roman Concepcion. If the review is negative, a Declaration of Heirs could then be requested to be issued. (Docket No. 77, p. 1–2)

Plaintiffs also reiterated their request to be substituted as parties for the causes of actions claimed by Plaintiff Fernando Roman Concepcion for his own pain and suffering, because those claims were "assigned" to them prior to Mr. Roman Concepcion's death by a "confidential and privileged retainer agreement." *Id., see also* Docket No. 63. In their opinion, although Mr. Fernando Roman Concepcion had a total of five children,[2] plaintiffs' request for substitution is "based on an assignment of the claims, not an inheritance of the claims". Therefore, "[t]he existence and/or identity of Fernando Roman's heirs is irrelevant for the purposes of the assignment", inasmuch as the assignment "is valid and was made prior to Fernando Roman's death. As a result, the claims are not part of the estate and will not be inherited by his heirs." *Id.* at p. 2.

As this Court expressed in its February 23, 2007 order, Rule 25(a)(1) provides for substitution "if a party dies and the claim is not thereby extinguished". Whether the claim is extinguished or whether it survives the death of the party is a substantive question on which the **state law ordinarily governs**. *See*, 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1952 (2d Ed. 1986). The Puerto Rico Supreme Court has generally determined that a civil cause of action to redress bodily injuries or moral suffering sustained prior to death may be transmitted **to one's heirs** so long as the cause of action is not "so personalized that it depends on the continued natural life of the deceased". *See, Viuda de Delgado v. Boston Ins. Co.,* 101 D.P.R. 598, 602 (1973)(emphasis added).

Plaintiffs' contention that the claims were assigned to them before Mr. Roman Concepcion's death and, therefore, are not part of the estate is without merit.

According to Puerto Rico law, Mr. Roman Concepcion's claims for his own "physical, mental and emotional pain and suffering, loss of companionship, love, affection, and the permanent loss of his grandson, and other physical, emotional and mental damages" survive his death and can be transmitted to **Ms. Roman Concepcion's heirs**. *See Viuda de Delgado*, 101 D.P.R. at 602 and P.R. Laws Ann. tit. 31 § 2090 ("The inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death.")

---

**1.** It is unclear why plaintiffs indicate that AEELA is "performing a review" to determine if Mr. Roman Concepcion executed a Last Will and Testament. The proper agency to perform that review is the "Registro de Poderes y Testamentos."

**2.** They are Fernando Roman–Alejandro, Jose Roman, Joseph Roman–Montañez, Bryan Roman–Montañez, and Daphne Roman–Montañez.

Whether those claims were assigned to the plaintiffs before Mr. Roman Concepcion's death is irrelevant for purposes of who should be the plaintiffs in this case. The validity of the assignment will depend entirely on a finding by the state court, if plaintiffs prevail in this case, that the assignment is not inofficious or void ("inoficioso").[3] *See* P.R. Laws Ann. tit. 31 §§ 2051–2052 ("[g]ifts which, in accordance with the provisions of section 2023 of this title, may be void after computing the net value of the property of the donor at the time of his death, must be reduced with regard to the excess, but this reduction shall not prevent them from being valid during the life of the donor, nor the donee from appropriating the fruits. The reduction of gifts can be demanded by the persons who have a right to a legal portion or to an aliquot part of the estate and their heirs or legal representatives").

Therefore, plaintiffs shall file Roman Concepcion's Declaration of Heirs (Declaratoria de Herederos) or Last Will and Testament, with an English translation, no later than June 15, 2007. The parties shall inform the Court about the status of the proceedings to obtain a Declaration of Heirs or Last Will and Testament every thirty (30) days.

Plaintiffs "Motion for Setting of Trial Date" (Docket No. 78) is hereby **DENIED.**

**IT IS SO ORDERED.**

---

**3.** *Inoficioso*: inofficious [describes a will that unreasonably deprives an heir of his just inheritance]. Spanish–English Dictionary of

Law and Business, PROTEA, Atlanta, GA, 1999 Ed., p. 139.