**Carmen MOREL, et al., Plaintiffs,**

v.

**DAIMLER CHRYSLER AG, et al., Defendants.**

**Civil No. 05–2162 (FAB).**

United States District Court, D. Puerto Rico.

Sept. 28, 2007.

Ada Sofia Esteves, David C. Indiano–Vicic, Seth Erbe, Indiano & Williams, PSC, San Juan, PR, for Plaintiff Jean Carlos Roman.

Antonio Gnocchi–Franco, Gnocchi–Franco Law Office, Diego A. Ramos, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, PHV Bertrand LeBlanc, Carroll, Burdick and McDonough LLP, San Francisco, CA, PHV Robert M. Hanlon, Sr., PHV Robert M. Hanlon, Jr., Hanlon Boglioli & Hanlon PC, Edison, NJ, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On December 23, 2006, Plaintiff Fernando Roman Concepcion died. As a result of his death, on February 1, 2007, plaintiffs Carmen Morel and Jose Roman (plaintiffs) filed a Motion for Substitution pursuant to Rule 25(a)(1) requesting to be substituted as proper parties for the causes of actions claimed by Fernando Roman for his own pain and suffering. Those claims had been assigned to them prior to Mr. Roman Concepcion's death in a "confidential retainer agreement." In other words, plaintiffs' motion let it be known for the first time

that, prior to his death, Fernando Roman assigned his claims to them. (Docket No. 69)

On February 8, 2007, the plaintiffs were ordered to file, under seal, a copy of the retainer agreement. (Docket No. 70) Plaintiffs filed the agreement under seal on February 9, 2007. (Docket No. 71)

On February 12, 2007, defendant DaimlerChrysler AG ("Daimler") filed a Motion for extension of time to oppose plaintiff's request for substitution. (Docket No. 72) Among other things, Daimler requested that the Court compel the production of those portions of the "confidential and privileged retainer agreement" which contained the alleged assignment. (Docket No. 72).

On February 23, 2007, plaintiffs were ordered to file Fernando Roman's Declaration of Heirs ("Declaratoria de Herederos") or Last Will and Testament. In addition, the Court ordered the retainer agreement filed under seal to remain sealed. (Docket No. 74)

On March 1, 2007 plaintiffs filed a "Motion in Compliance with Order" explaining that they were in the process of obtaining a Declaration of Heirs inasmuch as, to the best of their knowledge, Fernando Roman did not leave a Last Will and Testament. In addition, they reiterated their request to be substituted as parties for the causes of actions claimed by Fernando Roman for his own pain and suffering. (Docket No. 77) On March 14, 2007, 558 F.Supp.2d 147, 2007 WL 5173640, plaintiffs were ordered to file the Declaration of Heirs no later than June 15, 2007 and to inform the Court about the status of the proceedings to obtain a Declaration of Heirs or Last Will and Testament every thirty (30) days. (Docket No. 81)

On May 15, 2007, plaintiffs filed an "Informative Motion Regarding the Declaration of Heirs". (Docket No. 101) Plaintiffs updated the status of the Declaration of Heirs and advanced the identity of Fernando Roman's forced heirs.[1] In addition, they indicated that each of the forced heirs "assigned [to plaintiffs personally] their interest in any legal claims held by Fernando Roman Concepcion in [this] case". *Id.* Through those "Irrevocable Assignments" the plaintiffs purchased the rights of Fernando Roman's heirs to their inheritance for a total of $40.00 ($10.00 each). A copy of each assignment was attached to plaintiffs' informative Motion. *Id.*, Exh. 1.

On May 24, 2007, Daimler filed a motion reiterating its request for access to the retainer agreement. In the alternative, Daimler moved the Court to allow it to purchase the "litigious credit" assigned to plaintiffs by Fernando Roman's forced heirs. (Docket No. 103) Plaintiffs opposed Daimler's request. (Docket No. 117)

On July 13, 2007 plaintiffs filed a "Motion in Compliance" and attached a certified translation of the Declaration of Heirs of Fernando Roman. (Docket No. 133)[2]

On September 6, 2007, plaintiffs moved to dismiss Mr. Fernando Roman Concepcion's causes of action. (Docket No. 157) According to them, their request was an effort to "streamline this litigation" and for the case to continue exclusively on the legal claims of the remaining plaintiffs.

---

1. Daphne Roman Montanez, Joseph Roman Montanez, Bryan Roman Montanez and Fernando Roman Alejandro. (Docket No. 101, p. 2)

2. Plaintiff Jose Roman, however, was not adjudged an heir to his father's estate. *Id.*, p. 4.

According to Daimler, the aforementioned was because Jose Roman formally repudiated his portion of decedent's estate through a separate proceeding in the Puerto Rico local courts. (Docket No. 160, Exh. A)

*Id.* On September 17, 2007, Daimler opposed plaintiff's request. (Docket No. 160) In essence, Daimler argues that the plaintiffs lack standing to move for the dismissal of Fernando Roman's claims inasmuch as he has not been properly substituted in this case. Even if they have standing, defendants further argue, the Court should not dismiss the claims unless the plaintiffs "meet the following conditions: 1) finding that the dismissal be with prejudice; 2) awarding costs and fees in favor of Daimler; and 3) respecting Daimler's right to present the issue of [Mr. Fernando Roman Concepcion's] negligence to the jury." *Id.*, p. 2. Plaintiffs filed a reply to defendant's opposition. (Docket No. 164).

### A. Substitution of parties

Before the Court can rule upon plaintiffs' request to dismiss Fernando Roman's claims, it must decide whether the plaintiffs can be substituted as proper parties for the causes of actions claimed by Fernando Roman for his own pain and suffering. Plaintiffs claim to have that right based on the assignment of such claims made by Fernando Roman. In their opinion, and because the assignment was made **before** his death, Fernando Roman's claims are not part of his estate and, therefore, are not inherited by his heirs. (Docket No. 77)

■ An assignment allows the creditor or assignor to transfer his credit to the assignee. The transferability of rights acquired by virtue of an obligation is a general principle of Law. Article 1065 of the Puerto Rico Civil Code states: "All the rights acquired by virtue of an obligation are transmissible, subject to law, should there be no stipulation to the contrary." P.R. Laws Ann. tit. 31 § 3029 All the rights to such credit are thus included.

■ For the transfer of a right or credit by means of an assignment to be valid "there must be a transferable credit grounded on a valid and efficient title. It must be an existing credit originating from a valid and efficient obligation." [3] *IBEC v. Banco Comercial*, 117 D.P.R. 371, 377 (1986); *see also Consejo de Titulares v. C.R.U.V.*, 132 D.P.R. 707, *10 (1993), n. 9.

■ A litigious credit may also be assigned. A credit is deemed litigious "from the day the suit relating to the same has been answered". P.R. Laws Ann. tit. 31 § 3950. The Puerto Rico Supreme Court has held that "a credit is regarded as litigious when, upon being litigated, a final judgment is required to ascertain its existence, 'that is, it is one which is in doubt and one in which the rights are uncertain. For a credit to be considered litigious it is essential that the litigation pending at the time of sale or assignment of credit concern the existence of the credit itself and not merely the consequences of its existence once final judgment is rendered.'" *See Consejo de Titulares*, 132 D.P.R. at *12 (citing Martínez v. District Court, 72 P.R.R. 197, 199 (1951)); *See also Cámara Insular, Etc. v. Anadón, S. en C.*, 83 P.R.R. 360 (1961); *Santana v. Quintana*, 52 P.R.R. 725 (1938). The Puerto Rico Supreme Court has held that the cause of action for emotional damages is a "perfectly transferable right" that is assignable, not only to heirs, but "to persons with an interest in the matter". *Consejo de Tit-*

---

**3.** The Puerto Rico Supreme Court has held that credits are "always transferable except when any of the three grounds for unassignability are present: a stipulation, a legal bar, or the strictly personal nature of the credit." *see also* P.R. Laws Ann. tit. 31 § 3374. Puer-

to Rico law allows the assignment of a "litigious credit", "even when the very existence of the credit is subject to confirmation by court judgment." *Consejo de Titulares v. C.R.U.V.*, 132 D.P.R. 707, 1993 WL 840040, *10 (1993).

*ulares,* 132 D.P.R. at *16 (The right to redress for the injuries suffered is a "perfectly assignable credit under the rules governing the transferability of rights".) (Internal citations omitted)

 Having examined *in camera* the "Retainer Agreement" filed by the plaintiffs in this case, the Court understands that the assignment made by Fernando Roman by which he "irrevocably assigned to Carmen Morel and Jose Roman" the causes of action for his own pain and suffering is valid and meets the legal requirements established by the Puerto Rico Supreme Court in *IBEC v. Banco Comercial.* None of the three exceptions to the general principle of transferability of credits is present in this case. Furthermore, there is no legal provision barring the assignment of the litigious credit that was assigned to the plaintiffs in this case by Fernando Roman. In fact, as previously stated, Fernando Roman's claim for his own "physical, mental and emotional pain and suffering, loss of his grandson, and other physical, emotional and mental damages" is a "perfectly transferable" right. *IBEC v. Banco Comercial,* 117 D.P.R. at 377. Finally, the assignment was made by virtue of a valid retainer agreement that has been examined by the Court.[4] *Id.*

Because Fernando Roman's claims were legally assigned to Jose Roman and Carmen Morel before he died, those claims were not part of his estate and were not inherited by his heirs. Consequently, plaintiffs Jose Roman and Carmen Morel hold the same position that Fernando Roman held with regard to Daimler **from the moment** the litigious credit was transferred to them.[5] On the moment of the assignment, he ceased to be a party in the case and Jose Roman and Carmen Morel now stand in his stead, having been assigned his claims.[6] The Court now orders that plaintiff Fernando Roman be substituted as a party plaintiff in this case by plaintiffs Jose Roman and Carmen Morel.

That does not end the analysis, however. The Court will now turn to plaintiffs' request to dismiss Fernando Roman' claims.

## B. Dismissal of Fernando Roman's claims

Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

 In deciding whether to grant a Rule 41(a)(2) motion, courts typically look

---

4. Jose Roman and Carmen Morel did not pay anything to Fernando Roman for the assignment.

5. As the Court admonished at the Pre Trial Conference held on September 27, 2007, it was plaintiffs responsibility to inform, both to Daimler and the Court, about the assignment when it was made and not to unnecessarily wait until Fernando Roman died to inform about it.

6. For the same reasons, the "irrevocable assignments" by which all the heirs of Fernando Roman assigned their interest "in any legal claims held by Fernando Roman

Concepcion in [this] case" to the plaintiffs have no legal effect whatsoever because their father legally assigned those claims to Jose Roman and Carmen Morel **before he died.** *See* P.R. Laws Ann. tit. 31 § 2090. Therefore, Fernando Roman's cause of action was not part of his estate. That is not to say, however, that the validity of the assignment, should the plaintiffs prevail in this case, cannot be legally challenged by Fernando Roman's heirs. That will depend entirely on a finding **in a subsequent lawsuit** that the assignment is not inofficious or void. *See* Docket No. 81, p. 3 and P.R. Laws Ann. tit. 31 §§ 2051–2052.

to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir.2000) (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)); *see also Fremaint v. Ford Motor Co.*, 258 F.Supp.2d 24, 31 (D.P.R.2003) The enumeration of the factors to be considered, however, "is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests". *Doe*, 216 F.3d at 160 (*citing Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980))

One of Daimler's concerns when opposing plaintiff's Motion to Dismiss was that Jose Roman and Carmen Morel "lack standing to move for such dismissal request given the fact that decedent has not been properly substituted." (Docket No. 160, pages 1 and 7). Nevertheless, now that the Court has made clear that Fernando Roman's claims were legally assigned to Jose Roman and Carmen Morel before he died, and that they stand in his stead for all legal purposes, Daimler's concern has vanished. In fact, it is clear that Jose Roman and Carmen Morel, as holders of Fernando Roman's claims by virtue of the assignment, have the right to decide whether to pursue Fernando Roman's claims or not.

Daimler recognizes the Court's power to issue an order, under the conditions it deems proper, prior to dismissing the claims of Fernando Roman pursuant to Rule 41(a)(2), with or without prejudice. Among the conditions suggested by Daimler before dismissing Fernando Roman's claims are that such an order should not be entered without "commanding the plaintiffs to reimburse to Daimler *all* the fees, costs and expenses associated with defending such claims." (Docket No. 160, p. 10) (emphasis in original)

For instance, Daimler seeks to recover costs, expenses and attorneys fees related to the taking of Fernando Roman's deposition. It also asks for costs and expenses related to an expert witness it retained "to assess Fernando Roman's physical injuries sustained as a result of the incident"; for costs incurred to issue subpoenas to "at least fifteen health care providers" in order to "smoke out the allegations that decedent's alleged injuries stemmed from his fatal cancer"; and for the motions filed on the issue of the substitution. (Docket No. 160, p. 8–9)

■ The Court will reserve, however, the question as to whether the Court should dismiss Mr. Fernando Roman's claim, with or without prejudice, until after a showing by Daimler, **on or before October 31, 2007,** of the exceptional circumstances that may make the payment to it of costs, expenses and attorney's fees proper if the claims of Fernando Roman are dismissed. Daimler also shall demonstrate and document the amount of costs, expenses and attorney's fees that it is seeking to obtain. *See AeroTech, Inc. v. Estes,* 110 F.3d 1523 (10th Cir.1997). Plaintiffs' opposition shall be filed no later than **November 16, 2007.** No replies will be allowed, and no further extensions of time will be granted.

The Court also reserves the resolution of Daimler's allegation that it "is entitled to present evidence of [Fernando Roman's] negligence at trial and, **if** plaintiffs Jose Roman and Carmen are the assignees of decedent's claims, Daimler should be allowed to benefit from any reduction or

apportionment of a potential award due to decedent's percentage of fault." (Docket No. 160)

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the substitution of plaintiff Fernando Roman–Concepcion by plaintiffs Jose Roman and Carmen Morel. Daimler shall have until **October 31, 2007** to show the exceptional circumstances that may make the payment to it of costs, expenses and attorneys fees proper, if the claims of Fernando Roman were to be dismissed, including demonstrating and document the costs, expenses and attorneys fees that it is seeking to obtain. Plaintiffs shall have until **November 16, 2007** to oppose defendants' showing. No replies will be permitted, and no extensions of time will be granted.

In addition, Daimler's leave to file a certified translation of Exhibit A is hereby **GRANTED.** Defendant shall file the certified translations of the exhibit on or before **October 8, 2007.** Daimler Motion to Unseal Docket No. 71 (Docket No. 103) is **DENIED.**

**IT IS SO ORDERED.**