David **CAMACHO–ALBERT**, Plaintiff

v.

**MENDEZ & CO., INC.,
et al., Defendants.**

**Civil No. 08–1460 (JAG).**

United States District Court,
D. Puerto Rico.

Oct. 30, 2008.

---

Carlos J. Quilichini, Quilichini, Oliver, Medina & Gorbea, Sonia B. Alfaro–De–La–Vega, San Juan, PR, San Juan, PR, for Plaintiff.

Juan J. Casillas–Ayala, Pedro A. Buso–Garcia, Jaime Luis Sanabria–Montanez, Fiddler Gonzalez & Rodriguez, P.S.C., San

Juan, PR, Rebecca Paez–Rodriguez, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is a motion to voluntarily dismiss with prejudice all pending federal claims and to dismiss without prejudice all state law claims filed by Plaintiff David Camacho Albert ("Plaintiff"). (Docket No. 25). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to voluntarily dismiss without the imposition of conditions.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2008, Plaintiff filed a complaint before the Court of First Instance, San Juan Part, alleging disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the laws of the Commonwealth of Puerto Rico. On April 18, 2008, Defendant Mendez & Co., Inc. ("Mendez") answered Plaintiff's complaint and removed the action to this Court. Removal was based on the existence of a federal question. (Docket No. 1).

On May 21, 2008, Plaintiff filed an Amended Complaint against Mendez, Arturo Turin ("Turin"), his spouse Julia Vazquez ("Julia"), and the conjugal partnership composed by both of them. Basically, Plaintiff contends that Mendez and Turin, Plaintiff's supervisor in said company, engaged in a pattern of discrimination and harassment against him because of the disabilities related to his medical condition. Plaintiff brought forth this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). In addition, Plaintiff invoked this Court's supplemental jurisdiction by advancing claims under the Constitution and laws of the Commonwealth of Puerto Rico. (Docket No. 9).

On June 2, 2008, Turin and Julia moved to dismiss Plaintiff's federal and state law claims against them. According to Turin, he could not be held liable under the ADA because there is no individual liability under said statute. (Docket No. 11). On June 18, 2008, 573 F.Supp.2d 516,, this Court issued an Opinion and Order granting Turin and Julia's Motion to Dismiss. Pursuant to the Opinion and Order, Plaintiff's federal claims against Turin, Julia, and the conjugal partnership composed by both of them were dismissed with prejudice. Plaintiff's state law claims against said defendants were dismissed without prejudice. (Docket Nos. 17 and 18).

On July 15, 2008, Plaintiff moved to voluntarily dismiss all claims against Mendez, the only remaining defendant in the case at bar. Plaintiff requests that this Court dismiss his ADA claim against Mendez with prejudice. In addition, Plaintiff asks this Court to dismiss all supplemental state law claims against Mendez without prejudice. (Docket No. 25).

On July 31, 2008, Mendez responded to Plaintiff's request. Mendez does not oppose that this Court dismiss Plaintiff's ADA claim with prejudice. However, Mendez argues that it would be adversely affected if Plaintiff's state law claims are dismissed without prejudice. Mendez argues that Plaintiff's state law claims should be dismissed with prejudice because Plaintiff has caused it to invest substantial time and incur in expenses related to the litigation of this case. Furthermore, Mendez claims that Plaintiff has not proffered an adequate reason for his request for voluntary dismissal. According to Mendez, Plaintiff is forum shopping and has moved to dismiss the case at bar in order to refile in a State Court, which allegedly is a more favorable forum for disability discrimination cases. Alternatively, Mendez contends that this Court should condition any order of dismissal without prejudice

upon the requirement that Plaintiff reimburse Mendez for any unnecessary expenses that the litigation in this case has caused. (Docket No. 27).

After reviewing Mendez' response, this Court issued an order informing Mendez that if it wished to recover any expenses that it may have incurred in the case at bar, it must demonstrate and document the amount of costs, expenses, and attorney's fees that it seeks to obtain. (Docket No. 28). On August 15, 2008, Mendez submitted a bill of costs for $2,167.35 and a memorandum in support of its request. (Docket No. 29). On September 2, 2008, Plaintiff responded to Mendez' allegation and argued that his motion to voluntarily dismiss should be granted as requested without the imposition of any conditions. (Docket No. 34). On September 26, 2008, Mendez filed a sur-reply to Plaintiff's opposition restating that which it mentioned in its opposition to Plaintiff's motion to voluntarily dismiss. (Docket No. 39).

## DISCUSSION

Mendez does not oppose that this Court dismiss Plaintiff's federal claim against it. As such, this Court will grant Plaintiff's request and dismiss with prejudice Plaintiff's federal claims against Mendez. Nonetheless, Mendez alleges that Plaintiff's state law claims should also be dismissed with prejudice or in the alternative that Plaintiff's state law claims be dismissed without prejudice and that it be awarded costs and attorney's fees.

1. *Dismissal of Supplemental Law Claims*

██ Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided

in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." "In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys.,* 216 F.3d 157, 160 (1st Cir.2000)(internal citation and quotations omitted). However, in order to grant dismissal, the Court need not find that each and every factor favors the moving party. *Id.* These factors are simply a guide that Courts could consider in making such a determination. *Id.* Ultimately, this Court has discretion to grant dismissal under the conditions and terms it deems proper. *Id.*; *see also Morel v. Daimler Chrysler AG,* 552 F.Supp.2d 223 (D.P.R.2007). Thus, this Court is responsible under Rule 41(a)(2) to use its discretion to ensure that granting a request to voluntarily dismiss an action will not prejudice the other party.[1] *Doe v. Urohealth Sys.,* 216 F.3d at 160. The mere prospect of a second law suit is not "plain legal prejudice." *Id.*

██ It is well settled that once all federal claims are dismissed, this Court should dismiss pending state law claims predicated on supplemental jurisdiction. *Camelio v. American Federation,* 137 F.3d 666, 672 (1st Cir.1998). Ordinarily, this Court dismisses without prejudice any supplemental law claims that have not been addressed by the Court.[2] Mendez asks us to do

---

1. "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir.2002).

2. *See Rodriguez v. Comas,* 888 F.2d 899, 904 n. 20 (1st Cir.1989)(citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988)) (implying that federal courts retain jurisdiction over state law claims removed to federal court

otherwise. According to Mendez, it has incurred substantial litigation costs and expenses and, as such, dismissal with prejudice is warranted. Furthermore, Mendez argues that the dismissal should be with prejudice because Plaintiff is forum shopping.

First, this Court finds that Plaintiff has been diligent in promptly requesting the voluntary dismissal of his claims against Mendez. Plaintiff's complaint was filed in State Court six months ago and removed to this Court five months ago. Discovery is in its initial stages, Plaintiff has only filed an amended complaint and no Motions for Summary Judgment have been filed. Hence, this case is at an early stage of the proceedings.

Additionally, this Court finds that Plaintiff has proffered a valid reason for its voluntary dismissal request. Plaintiff requests the dismissal of his claims against Mendez in order to avoid piecemeal litigation. Plaintiff's claims against Jane and Turin were dismissed and his state law claims against them have since been re-filed in State Court. As such, Plaintiff seeks to dismiss his state law claims in this Court against Mendez in order to refile them in state Court so as to avoid two separate trials and this Court certainly has an interest in avoiding piecemeal litigation. *See H & R Block Tax Servs. v. Rivera–Alicea,* 570 F.Supp.2d 255 (D.P.R.2008).

This Court further finds that Mendez' allegation that Plaintiff is forum shopping is meritless. Plaintiff filed the present complaint in State Court and it was Mendez who removed Plaintiff's action to this Court. Thus, Mendez cannot come before us and argue that Plaintiff is forum shopping because it does not wish to stay in the federal forum when originally, Plaintiff did not file the present action in this Court. Plaintiff is not forum shopping, he is trying to avoid having to litigate two separate trials.

As such, this Court finds that Mendez will not be unduly burdened if Plaintiff is allowed to dismiss his federal and state law claims and then re-files his state law claims in State Court. As just mentioned, the case at bar is in its initial stages. In addition, Mendez avoided having to litigate Plaintiff's federal claims.[3] Thus, Plaintiff's state law claims will be dismissed without prejudice.

### 2. *Mendez' Expenses*

■ Alternatively, Mendez argues that as a condition to the voluntary dismissal without prejudice, Plaintiff should be ordered to reimburse the fees, costs, and expenses incurred by it in the litigation of this case. The decision of whether or not to impose costs and/or attorney's fees as a condition to a voluntary dismissal lies within the sound discretion of the district judge. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 51 (1st Cir.1981). Rule 41(a)(2) does not always require the imposition of costs as a condition to a voluntary dismissal, however, it could be considered necessary for the protection of the defendant. *Id.*

■ As to requiring the payment of attorney's fees and costs as a condition for a without prejudice voluntary dismissal, we

after federal claim allowing removal dismissed, although discretionary factors will usually lead court to remand or dismiss state claims).

**3.** "For a 'with prejudice' dismissal, a party must show legal prejudice which goes beyond merely the possibility of facing another suit on the same issues." *Aggregates (Carolina), Inc. v. Kruse,* 134 F.R.D. 23, 26 (D.P.R.1991)(citing *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46 (1st Cir.1981)); *Conafay v. Wyeth Laboratories,* 268 U.S.App. D.C. 295, 841 F.2d 417 (D.C.Cir.1988).

must look to Puerto Rico law. *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 44 (D.P.R.1996). Puerto Rico's Civil Procedure Rule 44.1(d) provides that "[i]n the event any party or its lawyers has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." 32 L.P.R.A. App. III, R. 44.1(d); *Top Entertainment, Inc. v. Torrejon*, 351 F.3d 531, 533 (1st Cir.2003). "A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *Correa v. Cruisers, a Div. of KCS Int'l, Inc.*, 298 F.3d 13, 30 (1st Cir.2002); *Puerto Rico Telephone Co., Inc. v. U.S. Phone Mfg. Corp.*, 427 F.3d 21, 33 (1st Cir.2005). Specifically, "[a] party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.' " *Top Entertainment Corp. v. Torrejon*, 349 F.Supp.2d 248, 251 (D.P.R.2004)(citing *Newell Puerto Rico, Ltd. v. Rubbermaid, Inc.*, 20 F.3d 15, 24 (1st Cir.1994)). "Obstinacy is to be judged in light of the overall circumstances of the particular case." *Correa*, 298 F.3d at 30(The Court found that a court should look at the case's "personality" in evaluating obstinacy.); *Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of Puerto Rico*, 167 F.3d 1, 14 (1st Cir.1999). If the court concludes that a party has been obstinate, the assessment of attorney's fees is mandatory. *Fajardo Shopping Ctr., S.E.*, 167 F.3d at 14.

■ Plaintiff has certainly not been obstinate. As previously mentioned, Plaintiff promptly requested the voluntary dismissal of his claims. Thus, Plaintiff has not unnecessarily prolonged the litigation of his claims. Further, the case at bar was removed from state court by Defendants. As such, we cannot find that Plaintiff was obstinate in initially litigating his claims in this Court for six months and then requesting the dismissal of his remaining state law claims without prejudice in order to refile them in the forum, which he originally chose.

Moreover, Plaintiff has not required Mendez to incur expenses in the pursuit of avoidable tasks. All the tasks and expenses incurred by Mendez are those associated with the initial stages of any litigation before this Court. Moreover, any time and effort spent by Mendez in discovery and preparation for this trial will not be wasted entirely since as previously mentioned Plaintiff intends to refile his state law claims in State Court. As such, the Court finds that Plaintiff has not acted obstinately or frivolously. Therefore, no conditions will be imposed on the voluntary dismissal of Plaintiff's state law claims.[4]

---

**4.** Even though Mendez does not argue that the voluntary dismissal of Plaintiff's federal claims should also be conditioned, we interestingly note that said dismissal would also not be subject to conditions. As mentioned above, Plaintiff's federal claims against Mendez will be dismissed with prejudice. Ordinarily, a voluntary dismissal with prejudice does not entitle a defendant to attorney's fees and costs. *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 43 (D.P.R.1996)(internal citations omitted). Only in egregious cases should the Court award attorney's fees and costs to a defendant when the plaintiff moves to voluntarily dismiss a claim with prejudice. *Id.* at 45. Such would be the case "when party acts in bad faith, wantonly, vexatiously or for an oppressive reason." *Id.* at 43.

This Court finds that the case at bar is not an egregious case which would warrant the imposition of attorney's fees. First, the dismissal with prejudice of Plaintiff's federal claims saves Mendez the cost of going to trial since the dismissal is with prejudice and

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Dismiss. (Docket No. 25). Plaintiff's federal claims against Mendez shall be dismissed with prejudice. Plaintiff's state law claims against Mendez shall be dismissed without prejudice. No conditions will be imposed on the dismissal of Plaintiff's claims. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Plaintiff would not have to defend itself against these claims for a second time. In addition, there is nothing in the record which would indicate to this Court that Plaintiff acted in bad faith, wantonly, vexatiously or for an oppressive reason. On the contrary, Plaintiff diligently requested the voluntary dismissal of his claims against Mendez in order to avoid piecemeal litigation when Plaintiff's claims against Jane and Turin's were dismissed and refiled in a State Court. Hence, Mendez would also not be entitled to an award of attorney's fees for the dismissal with prejudice of Plaintiff's federal claims.