**RODRIGUEZ–LOPEZ et al., Plaintiffs**

**v.**

**INSTITUCION PERPETUO SOCORRO, INC., et al., Defendants.**

**Civil No. 06–1819 (JAG).**

United States District Court, D. Puerto Rico.

Jan. 13, 2009.

Glenn Carl James–Hernandez, Jorge L. Gonzalez–Burgos, James Law Offices, Guaynabo, PR, for Plaintiffs.

Jaime Albizu Lamboy–Riley, Jose A. Gonzalez–Villamil, Gonzalez Villamil Law Office, Monique Guillemard–Noble, Nachman & Guillemard, Igor Dominguez–Perez, Igor J. Dominguez Law Office, Benito I. Rodriguez–Masso, Benito I. Rodriguez Masso Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is co-defendant's Dr. Manuel Vargas Motion to Dismiss the Complaint for Failure to State a Claim. (Docket No. 76). For the reasons set forth below, the Court finds co-defendant Dr. Manuel Vargas' Motion to Dismiss to be **MOOT,** and **DENIES** his request for attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2006, Plaintiffs filed a complaint against the Hogar Perpetuo Socorro, Inc., Institucion Perpetuo Socorro, Lester Oquendo–Bernabe, his wife Hilary Doe, and their conjugal partnership Oquendo–Doe, against Dr. Manuel Vargas, his wife Flora Doe, and their conjugal partnership Vargas–Doe, against Angel Rivera, his wife Mercedes Doe, and their conjugal partnership Rivera–Doe, against Reina Rodriguez, her husband Peter Doe, and their conjugal partnership Doe–Rodriguez, against Rafael Cruz–Mena, his wife Penelope Doe, and their conjugal partnership Cruz–Mena–Doe (collectively known as "Defendants"). Plaintiff's complaint alleges that Mrs. Marie Tessie Lopez Oyola ("Mrs. Lopez") died of lung cancer because she was not timely and adequately diagnosed, transported to a medical institution and/or to a doctor to receive medical services, be diagnosed and/or treated for lung cancer by Defendants.

Mrs. Lopez was interned from 1996–1998, and from 2001–2005, at the Hogar Perpetuo Socorro, which is owned and controlled by Institucion Perpetuo Socorro, Inc. and other Defendants in the city of Caguas, Puerto Rico. Hogar Perpetuo Socorro is a institution for specialized care of mental patients.

Plaintiffs claim that around 2003, Defendants were informed that Mrs. Lopez was getting very thin and required medical attention and Defendants did not do anything. Plaintiffs claim that Defendants should have been aware of the deteriorating condition of Mrs. Lopez and should have responded with adequate medical treatment. Consequently, they claim that as a result of Defendant's negligence Mrs. Lopez died of Hemoptysis and Lung Cancer on August 27, 2005, after spending two days in the San Juan Bautista Medical Center.

On June 29, 2007, Plaintiff filed an Amended Complaint to include Dr. Juan L. Carrion and his conjugal partnership. (Docket No. 28). On November 9, 2007, Plaintiff filed a Second Amended Complaint to include Defendant Juanita Bernabe Gonzalez. (Docket No. 45). On July 7, 2008, Defendant Dr. Manuel Vargas ("Dr. Vargas") filed the present Motion to Dismiss. (Docket No. 76). In this motion, Dr. Vargas claims that he had no involvement in the care or treatment of Mrs. Lopez and, therefore, should be dismissed

from the case, as well as being awarded costs and attorney's fees. Consequently, Plaintiff filed a Response to Dr. Vargas' Motion to dismiss and included a Motion for Partial Voluntary Dismissal of Dr. Vargas (Docket No. 80). On September 9, 2008, Plaintiff filed a Motion for Partial Voluntary Dismissal of additional Defendants in the case. (Docket No. 83). On the same day, Plaintiff filed a Third Amended Complaint to include Dr. Myra Maldonado, Dr. Reinaldo Rodriguez and their respective conjugal partnerships, as well as Nancy Ortiz–Torres (wife of co-defendant Dr. Juan Carrion–Ramirez).

This Court notes that Plaintiff voluntarily dismissed Dr. Vargas from the case (Docket No. 80) and therefore finds the Motion to Dismiss to be moot. However, this Court shall address the remaining issue of the Motion as regarding attorney's fees.

## ANALYSIS

In cases before the United States District Court, wherein the jurisdiction is premised on to diversity of citizenship, the applicable standard of law for the determination of attorney's fees is state law. *See Taber Partners I v. Insurance Co. of North America, Inc.*, 926 F.Supp. 36, 38 (D.P.R.1996) (citing *Peckham v. Continental Casualty Ins. Co.*, 895 F.2d 830, 841 (1st Cir.1990); *Navarro de Cosme v. Hospital Pavia*, 922 F.2d 926, 934 (1st Cir. 1991) and *Pan American World Airways, Inc. v. Ramos*, 357 F.2d 341, 342 (1st Cir.1966))

In *Taber*, 926 F.Supp. at 38, the Court stated that:

Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure which provides that a court is to impose payment of attorneys' fees against a party who has been obstinate, reads in pertinent part:

In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct. P.R.Laws Ann. tit. 32, App. III, Rule 44.1(d).

In order to determine whether a party or its lawyer was obstinate, a court must examine whether "a litigant was unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the Court and the other litigants unnecessary expense and delay." *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). This determination of obstinacy is dependent on the particular facts of each case and lies in the sound discretion of the court. *Reyes v. Banco Santander de Puerto Rico, N.A.*, 583 F.Supp. 1444, 1445 (D.P.R.1984).

A finding of obstinacy is not an entitlement to the prevailing party, but a penalty to those parties whose litigation practices result in "unreasonable pertinaciousness." *Id.* at 1446. It is a sanction designed to "punish the offending party as well as to recompense those who are victimized by the offender's recalcitrance." *Dopp v. Pritzker*, 38 F.3d 1239, 1253 (1st Cir.1994). This goal is achieved by ordering the obstinate party to pay attorneys' fees in a reasonable amount to the opposing party. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer*, 110 F.R.D. 78, 83 (D.P.R.1986) (citing *Ferrer Delgado v. Sylvia de Jesús*, 440 F.Supp. 979, 982 (D.P.R.1976)). In analyzing these allegations of temerity, the overall nature of the litigation must be taken into consideration. *Dopp*, 38 F.3d at 1253.

Moreover, in *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 44 (D.P.R.1996); *see also Top Entertainment, Inc. v. Torrejon*, 351 F.3d 531, 533 (1st Cir.2003):

Courts look to several factors before making a determination of obstinacy:

(1) the complexity of the issues, the clarity of the law, and the disposition of the litigants-in short, the "personality" of the case, *Dopp*, 38 F.3d at 1253–54; (2) the delay and stubbornness in discovery, including a disregard for court orders, *de Leon Lopez v. Corporacion Insular de Seguros*, 742 F.Supp. 44, 48 (D.P.R.1990), aff'd, 931 F.2d 116 (1st Cir.1991); (3) temerity in settlement negotiations, *Id.;* and (4) the novelty of the claim, *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46, 54 (D.P.R.1991), aff'd, 959 F.2d 1149 (1st Cir.1992).

■ In the present case Plaintiffs received a report from one of their expert witnesses [1] stating that a doctor by the name of Manuel Vargas had treated Mrs. Lopez during her stay at the Hogar Perpetuo Socorro. Further, Plaintiff obtained a printout from the Farmacia Betances of all the medicines prescribed to Mrs. Lopez, and the doctors that prescribed them, during her stay at the Hogar Perpetuo Socorro. In this printout, the name of a Dr. Manuel Vargas Bernal appears multiple times. Consequently, Plaintiffs filed a petition with the Puerto Rico Medical Examiner Board ("the Board") in which they requested the confirmation of several names of doctors, that appeared in both the expert's report and printout from the Farmacia Betances, as being active physicians. The Board responded with a list of the names of the doctors that appeared in their records as active, as well as making a note of all those that were not found in their records at all. As Plaintiffs point out, the letter from the Board stated that there was only one licensed doctor in Puerto Rico named Manuel Vargas Bernal, and this name was not found in the section of the inactive physicians.

However, Dr. Vargas claims that he never worked in the Hogar Perpetuo Socorro or was even affiliated with the institution in any way. Furthermore, he argues that he never even practiced in Caguas where the Hogar Perpetuo Socorro is located, and that his practice was limited to San Sebastian, Moca and Mayaguez, except for his residency in San Juan from 1979–1983. He goes on to state that Plaintiff knew this information through a deposition with an employee of the Farmacia Betances and waited over a month to file the Motion for Voluntary Dismissal. Consequently, he argues that if Plaintiff had conducted a simple due diligence he would have found that Dr. Vargas never worked in the hospital and would have prevented this whole suit, and therefore should pay the attorney's fees of Dr. Vargas.

Nevertheless, this Court believes that Plaintiff conducted a reasonable due diligence from the facts available to them and recounted above. Furthermore, we believe that the lapse of time between the date that Plaintiffs became aware that Dr. Vargas was not involved and the filing of the Motion for Voluntary Dismissal is not an unreasonable delay that could justify the imposition of attorney's fees on Plaintiffs.

## CONCLUSION

This Court finds as **MOOT** co-defendant Dr. Vargas Motion to Dismiss and **DENIES** his request for attorney's fees.

IT IS SO ORDERED.

---

1. Dr. Mark Round, an expert for Plaintiffs, reviewed the Hogar Perpetuo Socorro psychiatric record of Mrs. Lopez, the Institute of Forensic Science records of Mrs. Lopez, as well as her general medicine and psychiatric records, the San Juan Bautista medical records, among other things.